JULIA BRADFORD *vs.* DAVID PATTEN, administrator.

In an action against the administrator of a lessee, to recover rent after the expiration of the term of a lease to his intestate, (who died during the term,) which provided that the lease might be extended for two years if the lessee should so elect before a certain day, the burden is on the plaintiff to show such an election; and the facts that the intestate's widow occupied the premises for more than a year after the expiration of the term, and the defendant paid rent for that period out of the intestate's estate, are not conclusive of such an election, as matter of law.

CONTRACT against the administrator of the estate of Martin L. Gates for rent of a dwelling-house in West Roxbury from July 1, 1870, to October 1, 1870, under a lease from the plaintiff to Gates for one year from June 1, 1868, which provided that the rent should be paid in quarterly payments, on October 7, 1868, and January 1, April 1 and June 1, 1869, "unless said Gates continue to occupy, and then July 1 said Gates shall have this lease extended two years from April 1, 1869, upon notifying the lessor

that he elects to retain the premises; " that the lessee should " pay the rent as above stated, during the term, and also the rent, as above stated, for such further time as the lessee may hold the same ; " and that " it is understood that said Gates shall notify the lessor of his wish to retain the premises by April 1, 1869." At the trial in the superior court, without a jury, *Brigham*, C. J., found the following facts :

Gates died in October 1868, while in possession of the house, and in the following December the defendant was appointed administrator of his estate. After April 1, 1869, the widow and family of Gates, with the knowledge of the defendant, occupied the house until July 1, 1870, the defendant paying, during that period, the sums of money at the times required by the lease, for the use and occupation of the house, out of the funds of his intestate's estate.

It was not proved that the defendant, or any person authorized by him, expressly notified the plaintiff, by April 1, 1869, of an intention to renew the lease; but on April 1, 1870, there was served upon the plaintiff a notice, signed by the defendant and Mrs. Gates, that she intended to vacate the house between that day and the 30th of the next June.

Upon the facts proved, the judge ruled that this action could not be maintained, and found for the defendant ; and the plaintiff alleged exceptions.

*A. W. Austin*, for the plaintiff.

*W. Colburn*, for the defendant.

MORTON, J. The lease executed by the defendant's intestate was for one year from June 1, 1868. It contained the provision that " said Gates shall have this lease extended two years from April 1, 1869, upon notifying the lessor that he elects to retain the premises ; " and in another part the clause, " it is understood that said Gates shall notify the lessor of his wish to retain the premises by April 1, 1869."

These provisions gave the lessee the right to have the term extended upon giving notice of his election, as provided in the lease. But his election to retain the premises for the enlarged term, and the giving notice thereof to the lessor, were conditions precedent

to the extension of the term. If he failed to perform these conditions, the term expired by its own limitation on June 1, 1869, the lease then became inoperative, and the lessor was entitled to the possession of the premises. It may be that the lessor might waive the provision as to notice to her; but in order to hold the lessee liable under the covenants of the lease for rent for any part of the enlarged term, it is still incumbent upon her to prove that he elected to hold the premises for the extended term. *Kramer* v. *Cook*, 7 Gray, 550.

If it be assumed that the defendant had the same rights and was subject to the same liabilities under the lease, as his intestate, the burden of proof was upon the plaintiff, in this action, to show that the defendant had elected to extend the term. This was a question of fact, necessarily involved in the finding of the judge who tried the case. The mere facts that the widow of the lessee occupied the premises after the expiration of the term, and that the defendant paid for such use and occupation as stated in the bill of exceptions, do not, as matter of law, show that the defendant made such election. The finding of the judge, like the verdict of a jury, is conclusive upon this question.

*Exceptions overruled.*