ATLANTIC NATIONAL BANK *vs.* DANIEL L. DEMMON.

Suffolk.   March 5, 6. — June 19, 1885.   W. ALLEN, COLBURN, & HOLMES, JJ., absent.

In an action upon a written lease "for the term of one year, with privilege of two years more at lessee's option," if the lessee holds over and pays rent after the expiration of the first year, evidence is admissible to show that he did so as a tenant at will, under an oral agreement with the lessor made before the execution of the lease.

CONTRACT for the rent of certain rooms in a building in Boston, for the year 1879, under a written lease.   Trial in the Superior Court, before *Gardner*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff put in evidence the lease, which was dated January 1, 1877, and executed by Isaac Pratt, Jr., the president of

the plaintiff bank, by which the premises were let to the de-
fendant, " for the term of one year, with privilege of two years
more at lessee's option," at a rental of $500 per year.

The plaintiff also proved that the defendant occupied the
premises during the years 1877 and 1878, paying the rent at
the times and in the manner provided in the lease; and that
the premises were unoccupied during the year 1879. It further
appeared that, on September 30, 1878, the defendant gave the
plaintiff notice in writing of his intention to quit the premises
on December 31, 1878, and that he did quit them on or before
that day.

The defendant contended that, at the termination of the first
year named in the lease, he ceased to be a tenant under the lease,
and became a tenant at will; and that he never exercised the
option reserved to him in the lease. He was permitted to tes-
tify, that, shortly before the execution of the lease, he had an
interview with Pratt, the president of the plaintiff corporation,
in which they arranged the terms of the lease; that the defend-
ant told Pratt that he hired the office for the Franklin Mining
Company, and would be responsible for the rent only for one
year; that at the end of that year he would let him know if
he wanted the office longer, and that, if Pratt wanted the office
before, he could turn the defendant out at any time he pleased,
with the usual notice; that the substance of the conversation
was that he was a tenant at will simply for the second year,
unless he gave notice; and that, in consequence of that conver-
sation, he simply paid his rent, after the first year, as tenant
at will.

The jury returned a verdict for the defendant; and the plain-
tiff alleged exceptions to the admission of the foregoing testimony
of said conversation.

*A. E. Denison*, for the plaintiff.

*H. Wheeler*, (*E. W. Hutchins* with him,) for the defendant.

C. ALLEN, J. The fact of holding over and paying rent
would undoubtedly raise a certain presumption that a tenant has
elected to hold over for the further term stipulated for in the
lease. This, however, is not a conclusive presumption of law,
but it is rebuttable by evidence. In the absence of anything to
show the contrary, a court or jury would properly infer such

election from these acts; but this is merely because such would be the natural inference from the conduct of the parties, if unexplained.

It is no part of the terms of the written lease in the present case, that holding over and paying rent shall be considered as of themselves an election to continue to occupy under the lease, or conclusive evidence of such election. The written lease merely reserves to the tenant the option; and whether he has exercised that option or not is a matter of fact, to be determined independently. His holding over, accompanied by payment of rent, is a piece of evidence, a strong piece of evidence, — a piece of evidence sufficient of itself, if unexplained and uncontrolled, to raise a fair inference and presumption that the option has been exercised, and thus to make out a *prima facie* case. But this is the most that can be said of it, and it is still competent for the tenant to offer opposing evidence. 1 Greenl. Ev. § 33. Such evidence contradicts no term of the lease. It simply shows that the option secured to the tenant by the lease has not been exercised. This doctrine is in full accord with the decision in *Kramer* v. *Cook*, 7 Gray, 550, where it was held that such election may be inferred from proof of the tenant's continuing to occupy, and paying rent for two quarters, without showing any formal election or notice to the lessor at the time of the expiration of the first term; and that it ought to be so inferred in the absence of evidence to control the effect of those acts. There were, indeed, in that case, declarations of the tenant that he was holding, for the additional term, under the lease, and other significant evidence of an election. See also *Bradford* v. *Patten*, 108 Mass. 153.                    *Exceptions overruled.*