## Goldsbrough v. Gable.

1. *Landlord and Tenant—Hold Over—Presumption.*—Where a tenant remains in the possession of premises after the expiration of his term, the presumption of law is, in the absence of anything to show to the contrary, that he is satisfied with the terms of his lease, and intends to create a tenancy for the future upon the same conditions, and when the landlord accepts rent at the old rate, a similar presumption arises as to him.

Goldsbrough v. Gable.

2. *Landlord and Tenant—Presumption as to Holding Over--Rebuttal.*—Where a tenant is holding over after the expiration of his term, the presumption that he intends to create a tenancy for the future upon the same conditions as to him, can not be rebutted by proof of a contrary intention on his part alone; and if the landlord has not assented to its terms, he has a right to insist upon the presumption and exercise his election accordingly.

3. *Landlord and Tenant—Presumption from Holding Over.*—Where a tenant is holding over after the expiration of his lease, the presumption that he intends to create a new tenancy, is not one that the court is compelled to draw from the fact of the holding over, if the evidence shows that the intention presumed did not, in fact, exist on the part of either landlord or tenant, or if they have agreed differently, the presumption will not avail.

4. *Landlord and Tenant—Right to Contract for Future Tenancy.*—The fact that the tenant is holding under a lease which is not yet expired, does not affect his right to create a new tenancy on different terms, after the expiration of his lease, and a verbal agreement for such a tenancy upon any terms to which the parties may agree, if executed, will be effective and binding.

5. *Landlord and Tenant— Consideration for a New Lease.*—Where a tenant is holding under an unexpired lease, an agreement to remain fater its expiration and pay rent, will be a good consideration for a new lease, and it will not be necessary for him to formally vacate the premises and re-enter under the new lease. The law requires no such useless ceremony.

6. *Landlord and Tenant—Presumptions as to Holding Over—When Rebutted.*—The fact that a tenant refused to remain on the premises upon the same rent provided in his original lease, sufficiently rebuts the implications of an intention on his part to enter upon the new tenancy, and the fact that the landlord agreed, if the tenant would stay, it should be at a rent below the rate fixed by the existing lease, is competent evidence to show that the landlord did not intend to create a new tenancy at the rent provided in the original lease.

7. *Landlord and Tenant—Holding Over Pending Negotiations for a New Lease.*—Where a tenant is holding over after the expiration of his term, upon a new tenancy, in pursuance of an agreement with his landlord for a reduction of the rent, the payment and acceptance of the rent at the old rate, while negotiations are pending for a new lease, will not abrogate the agreement and restore the terms of the expired lease, or be conclusive of the intention to continue payment of rent at the old rate. Such an agreement to reduce the rent is a sufficient consideration for new tenancy.

**Memorandum.**—Action of covenant upon a lease. Appeal from a judgment rendered by the Circuit Court of Peoria County; the Hon. THOMAS N. SHAW, Judge, presiding. Heard in this court at the May term, A. D. 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, McCULLOCH & McCULLOCH, ATTORNEYS.

A lease is more than an executory contract. It creates an estate in lands. "But although a lease is necessarily a contract, yet it is a contract which creates an estate; and by the law of England an estate is assignable, although a contract is not so. And the landlord, therefore, may assign over his estate in reversion, the tenant his estate in his term; and thus the parties to the relation may be altered, either by a change of landlord or a change of tenant or a change of both landlord and tenant." Smith's Landlord and Tenant, 279.

The estate may be continued after the termination of the lease by the tenant holding over and paying rent according to the terms of the lease.

The rule which binds the landlord as well as the tenant, is thus stated in Smith's Landlord and Tenant, pp. 219–21: "But, though at the end of the lease, if the tenant holds over, he holds over as tenant at sufferance—still, if, when the period for payment of rent comes, he pays to his landlord the rent reserved by the expired lease, he becomes tenant from year to year; the payment of such rent by him, and the receipt of it by his landlord, being considered indicative of their mutual intention to create a yearly tenancy; and thereupon the statute of limitations ceases to run against the landlord, who acquires a new reversion expectant on the yearly tenancy, and the tenant becomes entitled to the ordinary notice to quit. And it is remarkable that the yearly tenancy thus raised is governed, not by the simple rules which govern yearly tenancies in the absence of express stipulation, but by the provisions of the expired lease, so far as they are consistent and compatible with a yearly holding." See also Doe d. Rigge v. Bell, 5 T. R. 471; Richardson v. Gifford, 1 A. & E. 52; Beale v. Sanders, 3 Bing. N. C. 850; Prouty v. Wood, 2 Hill (S. C.), 367; Brewer v. Knapp, 1 Pick. (Mass.) 335; Dillon v. Roberts, 13 Serg. &

R. (Penn.) 60; Bacon v. Brown, 9 Conn. 234; Dorrill v. Stevens, 4 McCord, 59; DeYoung v. Buchanan, 10 Gill & J. 149; Philips v. Menges, 4 Whart. 226; Conway v. Starkweather, 1 Denio, 113; Jackson v. Patterson, 4 Harr. 534; Hawkins v. Pope, 10 Ala. 493; Lockwood v. Lockwood, 22 Conn. 425; Prickett v. Ritter, 16 Ill. 96; Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151; Webster v. Nichols, 104 Ill. 160; McKinney v. Peck, 28 Ill. 174.

APPELLEE'S BRIEF, GEORGE B. FOSTER, ISAAC C. EDWARDS, AND JOSEPH A. WEIL, ATTORNEYS.

If the holding over is shown to be with the understanding between the parties that it should not operate as a renewal of the original lease, this will rebut the presumption arising by implication. Quinlan v. Bonte, 25 Ill. App. 240.

The legal presumption of a renewal of the tenancy, arising from a holding over, may be rebutted by proof of a different intention, but it must be shown that such different intention was participated in by both landlord and tenant. Wolz v. Sanford, 10 Brad. 136.

OPINION OF THE COURT, CARTWRIGHT, J.

This is the same case that was before this court on a former appeal. Goldsbrough v. Gable, 36 Ill. App. 363.

On appeal from this court to the Supreme Court, the judgment of this court and the Circuit Court were reversed, and the cause was remanded to the Circuit Court for a new trial. Goldsbrough v. Gable, 140 Ill. 269. The Supreme Court held that the Circuit Court erred in admitting evidence of an agreement for the reduction of rent, and in refusing to instruct the jury that such agreement, if made, was invalid and could not be enforced. This holding was based upon the facts shown by the evidence in the record, that appellee had remained in possession after the expiration of the written lease without any new contract with appellant in respect to such continued possession, and that appellant had accepted the payment of rent for one month thereafter at the old rate,

whereby appellee became tenant of the premises from year to year subject to the same rent as was provided to be paid in the original lease. The agreement of appellant to accept a less sum, by which appellee was not required to do anything which he was not already bound to do, was therefore held to be without consideration.

The case has been again tried, resulting in a verdict and judgment for appellee.

On the last trial the evidence on the part of the defendant concerning his continued possession, after the expiration of the first lease, and the agreement for a reduction of rent, tended to prove, and in our opinion justified the jury in finding the following facts: In the latter part of February, 1884, before the expiration of the lease under which defendant was holding, which was in writing and under seal, and would expire March 18, 1884, the plaintiff was informed by defendant that he would not occupy the premises after the expiration of such lease at the same rental, and that, unless the rent was reduced, he should go out, and plaintiff could have the building. Defendant was then paying rent for the building at the rate of $70 per month, as provided in the written lease, and told plaintiff that he ought to have it for $40 per month. Plaintiff refused to reduce the rent for a new term to $40, and said that he ought to have $60. No amount was then agreed upon, but the plaintiff said that defendant should stay in the premises, and that he would reduce the rent. Defendant remained in possession, and at different times sought for an agreement as to the amount of rent, but the agreement was not concluded and the amount fixed until July 9, 1884, when defendant offered to pay $50 per month, and to pay it semi-monthly instead of monthly, as he had been doing, and the proposition was accepted by plaintiff, conditioned on such rent becoming due semi-monthly. Defendant had paid rent to May 18, 1884, at the old rate, but after the agreement was concluded he paid, and plaintiff accepted, rent at the rate of $50 per month for more than four years during defendant's occupancy of the premises, to October 18, 1888. Defendant paid the whole rent at the rate

of $50 per month by his checks and in repairs made at plaintiff's request.

The controversy now is whether, upon these facts, the defendant became a tenant of the premises under plaintiff from year to year, upon the same terms and subject to the same rent, as provided in the original lease.

When a tenant remains in the possession of premises after the expiration of his term, the law presumes, in the absence of anything to show the contrary, that he is satisfied with the terms of the lease under which he has been holding, and intends to create a tenancy for the future upon the same conditions. So, when the landlord accepts rent at the old rate, a like presumption arises as to him. The presumption as to the tenant can not be rebutted by proof of a contrary intention on his part alone, and if the landlord has not assented to different terms, he has a right to insist upon the presumption, and exercise his election accordingly. But we do not understand that the presumption is one that a court is compelled to draw from the fact of holding over, if the evidence shows that the intention presumed did not in fact exist on the part of either landlord or tenant, or if they have agreed differently, the presumption will not prevail against their joint intention. Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151.

In this case, when the promise was made by plaintiff to reduce the rent in case defendant would remain in possession, the written lease had not expired. It would expire March 18, 1884, and defendant had a legal right to leave the premises at that time. The fact that there was such a lease under which defendant was holding, could not at that time affect the right to create a new tenancy on different terms after its expiration. A verbal agreement for such a tenancy on any terms which the parties might agree upon, if executed, would be valid and binding. An agreement of defendant to remain and pay rent would be a good consideration, and it would not be necessary for him to formally vacate the premises and re-enter under the new lease. The law requires no such useless ceremony. Dills v. Stobie, 81 Ill. 202.

The fact that defendant refused to remain upon the same terms as to the amount of rent provided in the original lease, rebutted the implication of intention on his part to enter upon a new tenancy on those terms, which he expressly refused to be bound by. The fact that the plaintiff agreed that if the defendant would stay it should be at a reduced rent, below the rate fixed by the existing lease, proved that he did not intend to create a tenancy at the same rent provided in such lease. It is urged that the agreement to reduce rent could not rebut the legal presumption, because the amount of such reduction was not agreed upon before the expiration of the original lease, but we can not see that the amount of the reduction was of any consequence on the question whether the intention was that it should be the same. Plaintiff expressed a willingness to reduce it $10 per month, and if it was reduced that much, or reduced at all, it would not be the same. If it was not to be the same, it does not seem material on that question how much less it was to be. The joint understanding and intention was that it should be less, and in our judgment the legal presumption that it should be the same was thereby met and overcome.

Defendant entered upon the new tenancy in pursuance of the agreement for a reduction of rent, and we do not think that the payment and acceptance of rent for a short period at the old rate, while the negotiations were pending, would abrogate the agreement, and restore the terms of the expired lease, or be conclusive of an intention to continue payment at that rate. Efforts were being made to have the amount of the reduction agreed upon, and they had not failed or ceased. The agreement to reduce the rent was upon a good consideration, and defendant was insisting on the performance of it. When the amount to be paid was finally settled, it was upon the further consideration that it should be paid semi-monthly, which was done. We think the agreement was not void for want of consideration.

What has been said disposes of the questions raised on instructions. The judgment will be affirmed.