DAVID M. COOPER v. JAMES JOY AND HELEN N. MEREDITH, ADMINISTRATORS OF THE ESTATE OF HENRY A. NEWLAND, DECEASED.

*Landlord and tenant—Option for extension of lease—Notice to lessor.*

Where a lease provides for notice by the lessee of his intention to claim the benefit of an option given him in the lease for an additional term, such notice must be given, or such intention on his part must be otherwise manifested; and a naked holding over is insufficient to warrant a finding that the lease has been extended.

Error to Wayne. (Frazer, J.) Argued April 18, 1895. Decided May 21, 1895.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*William J. Gray,* for appellant.

*Dickinson, Thurber & Stevenson,* for defendants.

McGRATH, C. J. Defendants' decedent, under the name of Henry A. Newland & Co., was a tenant under

a lease for the term of three years from and after May 1, 1886.[1] The lease contained a provision that—

"The said parties of the second part may, at their option, have an extension of this lease for three years additional, upon giving notice thereof to said party of the first part at least four months previous to May 1, 1889."

The decedent occupied the store until April 30, 1891, but the four-months notice provided for in the lease was not given, nor was any notice given. Plaintiff sued to recover the rent for the unexpired portion of the second three-year term. The sole question in the case is whether the holding over was in and of itself sufficient to extend the lease for the new term, or sufficient evidence of the intention of the lessee so to do.

The rule seems to be that, if the lease does not provide that notice shall be given by the tenant of his election, merely remaining in possession after his term has expired is sufficient, and binds both him and the landlord for the additional term. But, if notice be stipulated for, it must be given. Wood, Landl. & Ten. (1st ed.) p. 678; Id. (2d ed.) p. 947; Tayl. Landl. & Ten. § 332, p. 383. *Delashman v. Berry*, 20 Mich. 292, was a case where no notice was required, and this Court held that the holding over was, in and of itself, sufficient notice of election. See *Clarke v. Merrill*, 51 N. H. 415

There are cases which hold that, where the provision for an extension is at an increased rental, the holding over, and the payment for a time of the increased rental, is sufficient evidence of an election. *Kramer v. Cook*, 7 Gray, 550; *Stone v. Stamping Co.*, 155 Mass. 267; *Long v. Stafford*, 103 N. Y. 274. In the Kramer case the court say:

"The provision in the lease is not a mere covenant of the plaintiff for renewal. No formal renewal was contemplated by the parties. The agreement itself is, as to

---

[1] The suit was brought against the decedent, and after his death, and before trial, was revived against the administrators of his estate.

the additional term, a lease *de futuro*, requiring only the lapse of the preceding term and the election of the defendant to become a lease *in praesenti*. All that is necessary to its validity is the fact of election. Even if notice of the lessee's intent to continue might be insisted upon by the lessor, he clearly might waive it; and he clearly did waive it by the acceptance of the increased rent on the 1st days of April and July,—an increase which could be predicated only upon such election by the lessee. Indeed, after the payment of the rent of July 1, and the receipt given therefor, and in the absence of evidence to control their effect, the question of the defendant's election to continue, and of the plaintiff's assent thereto, would not seem to be an open one."

In the Stone case the lease not only provided that the renewal should be at an increased rental, but that, "if the lessee holds over, the rent shall be at the original rate." The lessee not only continued in possession, but actually paid the increased rate for six months, and the court held that the holding over and the payment of the increased rental were sufficient to warrant a finding that the lease had been extended in accordance with its provisions.

In *Clarke v. Merrill, supra,* the lease was for five years, with the right to extend the lease "five years longer, if the said lessee shall so elect at the expiration of said term." The trial court found that defendant held over, intending to extend the lease, of which intention plaintiff had knowledge.

In *McClelland v. Rush,* 150 Penn. St. 57, three months' written notice was required, but the court refused to follow *Beller v. Robinson,* 50 Mich. 264, upon which case the trial court relied, and held that the notice was for the benefit of the lessor, and that written notice might be waived. There was abundant evidence of oral notice of the lessee's intention to extend the term, and of the waiver of the written notice by the lessor, and the court held that it was error to take the case from the jury because the notice was not in writing.

In *Bradford v. Patten,* 108 Mass. 153, the lease was for

one year, but contained a provision that the lessee should have an extension of two years upon notifying the lessor of his wish to retain the premises by April 1, 1869, a time two months before the expiration of the first year. The court say:

"These provisions gave the lessee the right to have the term extended upon giving notice of his election, as provided in the lease. But his election to retain the premises for the enlarged term, and the giving notice thereof to the lessor, were conditions precedent to the extension of the term. If he failed to perform these conditions, the term expired by its own limitation on June 1, 1869, the lease then became inoperative, and the lessor was entitled to the possession of the premises. It may be that the lessor might waive the provision as to notice to her; but, in order to hold the lessee liable under the covenants of the lease for rent for any part of the enlarged term, it is still incumbent upon her to prove that he elected to hold the premises for the extended term."

The rule seems, therefore, to be well settled that, where notice is required of the lessee's intention to claim the extended term, notice must be given, or the intention must be otherwise manifested; and that a naked holding over is insufficient to warrant a finding that the lease has been extended.

The trial court was therefore right in directing a verdict for defendants, and the judgment is affirmed.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. GRANT, J., did not sit.