## F. S. PUSEY, TRUSTEE, V. PRESBYTERIAN HOSPITAL OF OMAHA.

FILED NOVEMBER 18, 1903.  No. 13,178.

1. **Tenancy from Year to Year.** A tenancy from year to year will not be created against the contrary intention of both parties, landlord as well as tenant, and the payment of rent is merely an evidential fact bearing upon the question of the intent of the parties. *Johnson v. Foreman*, 40 Ill. App. 456.

2. **Receipt of Rent.** The receipt of rent by the landlord is not conclusive as to the continuance of the term, but it is an equivocal act to be determined by the *quo animo*. *Atlantic Nat. Bank v. Demmon*, 139 Mass. 420.

3. **Evidence.** Evidence examined, and *held* insufficient to prove an intent to renew or continue the term.

ERROR to the district court for Douglas county: WILLARD W. SLABAUGH, JUDGE. *Reversed.*

*L. F. Crofoot* and *Edgar H. Scott,* for plaintiff in error.

*Warren Switzler* and *Clency St. Clair, contra.*

AMES, C.

This is an action for forcible detainer begun in justice's court and brought here by proceedings in error from a judgment in favor of the defendant rendered upon appeal in the district court.

The sole question of importance is, whether the findings and judgment appealed from are supported by the evidence. The facts are not appreciably in dispute. The defendant was lessee of the premises for the term of five years, beginning on the 17th day of December, 1896. The rent reserved was $30 a month, payable monthly, and an obligation of the lessee to make certain repairs. The repairs were made and the monthly instalments accruing during the term were paid as stipulated. On or about the 13th day of January following, the superintendent of the defendant sent to one N. P. Dodge, an agent charged with the collect-

ing of rents for the lessor, a check for $30, together with a receipt or "voucher" reciting the sum mentioned to be in payment of "rent for January." Dodge executed and returned this document, and retained and cashed the check without present objection. Subsequently, under a date not given, but apparently within a few days, Dodge wrote and transmitted to the defendant the following letter:

"*Board of Directors, Presbyterian Hospital, Omaha, Neb.*—GENTLEMEN: The lease of the hospital for the term of five years expired on January 1, last. As the rent under the terms of the old lease was merely nominal, in consideration of your making extensive improvements on the building, the trustee of the property will expect an increased rental in future. He realizes that you have performed your part of the covenants in the lease and he would undoubtedly be pleased to rent it to you for a further period, to be agreed upon between us. Hoping you will give this matter your earliest attention, I remain,

"Very truly yours,        N. P. DODGE, JR."

Soon afterwards one McClelland, the president and principal owner of the defendant corporation, called upon Dodge and stated that "he was negotiating for a change of management or sale of the Presbyterian Hospital (the defendant), and these negotiations were not closed, and that until they were he would be unable to enter into any negotiation for a new lease." This discussion concerning a new lease and concerning the amount of rent to be reserved, if one should be entered into, was continued between Dodge and representatives of the defendant until March 20, and afterwards, and on that date the plaintiff served the following notice upon the defendant:

"*To the Presbyterian Hospital of Omaha:* You are hereby notified to quit and deliver up to me the premises now occupied by you, situate at 2564 Marcy street, and described as follows, to wit: lot 7, block 2, Marsh's addition to the city of Omaha, in Douglas county, Nebraska, and

building situate thereon, at the expiration of three days from the date of service hereof upon you, your rent being in arrears.

"Dated Omaha, March 20, 1902.

"F. S. Pusey, *Trustee*,

"By N. P. Dodge, Jr., *His Agent.*"

A previous written notice to vacate was served on the defendant on February 1. Except the check above mentioned, no payment as rent or on account of use and occupation was paid or tendered, and it does not appear what authority Dodge had from his principal in the transaction, except that it seems to be assented to by both parties that he was authorized to collect rents accruing for the plaintiff from this and other property. No arrangements having been made, the plaintiff on or about the first of April begun this action in a justice's court, where he procured a judgment of restitution, which was reversed on appeal by the district court.

The sole contention upon the merits, by the defendant in error in this court, is that payment and receipt of the $30 check above mentioned, had the effect, by operation of law, to renew the former lease, if not for its full term of five years, then, at least, for one year and from year to year.

We can not think so for two reasons: First, because leases for a term of more than one year can not be made except in writing, or by an agent authorized by writing, and it is not shown that Dodge was authorized to make leases, even by parol; second, the payment and acceptance of money as rent, after the expiration of a fixed term, does not, of itself, renew the term, but is merely evidence of an intent to renew, from which, in the absence of evidence to a contrary effect, a contract to renew may be inferred. *Montgomery v. Willis*, 45 Neb. 434; 18 Am. & Eng. Ency. Law (2d ed.), 193; *Wilcox v. Montour Iron & Steel Co.*, 147 Pa. St. 540; *Atlantic Nat. Bank v. Demmon*, 139 Mass. 420; *Johnson v. Foreman*, 40 Ill. App. 456.

Now it is clear as daylight, from this record, that neither

the representatives of the defendant nor Dodge, whatever were his powers as agent, supposed, at any time during the pendency of their negotiations for the execution of a new lease, that one had already been effected by the transaction of January 13, 1902, and if they did not so suppose, it is impossible to infer that they had that intent at that date and had forgotten it so soon. It is quite evident, to our minds, that the idea never entered the head of either party until after the beginning of this action.

Defendant further contends that the judgment of the district court should be affirmed, because the first clause of section 1021 of the code, as it was published when this action was begun, was unconstitutional and void, and that a landlord was therefore remitted to the common law demand and notice, for the purpose of forfeiting a term for nonpayment of rent, and that no such demand or notice is proved in this case. But we do not find it necessary to pass upon this question, because we think it is clear that no term was in existence when this proceeding was begun, and therefore no steps to effect or declare a forfeiture were requisite. At the date mentioned, the defendant was simply holding over after the expiration of its term, and for such cases section 1020 of the code provides the remedy which was availed of in this case.

It is recommended that the judgment of the district court be reversed and a new trial granted.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed, and a new trial granted.

REVERSED.