IOWA IMPROVEMENT COMPANY, Appellant, v. AETNA EXPLO-
SIVES COMPANY, Appellee.

**LANDLORD AND TENANT:** Leases—Provision for Renewal—Oc-
1    cupancy by Succeeding Tenant. The removal of one tenant from
rented premises, and the act of another in moving in and pay-
ing the same rent as was paid by the former tenant, do not con-
stitute such assumption of the former tenant's lease as to bind
the latter tenant to a provision in said former lease to the ef-
fect that remaining in possession for a stated time after the ex-
piration of the lease shall work a year's renewal of said lease.

**COVENANTS:** Covenants Running With Land—Provision for Re-
2    newal of Lease. A provision in a lease that the act of the les-
see in remaining in possession of the leased premises for a pe-
riod of three days after the expiration of the lease shall work
a renewal of the lease for another year is not a covenant "run-
ning with the land."

**LANDLORD AND TENANT:** Tenancies at Will—Holding Over. A
3    holding over by a tenant, after the expiration of a lease, for a
stated time, and pending negotiations for a new lease, consti-
tutes a tenancy at will.

**CONTRACTS:** Construction—Practical Construction by Parties—Ef-
4    fect. The practical construction placed upon a contract by the
parties may quite persuasively point the way to the court to re-
ject a contrary and subsequently asserted construction. So held
on an issue as to the proper construction of that part of a lease
providing for renewal.

**APPEAL AND ERROR:** Presumptions—Existence of Essential Fact.
5    It will be presumed, on appeal, that the trial court found the ex-
istence of a fact, when such fact is essential to sustain the judg-
ment.

*Appeal from Polk District Court.*—W. H. McHENRY, Judge.

DECEMBER 11, 1917.

The opinion sufficiently states the case.—*Affirmed.*

*Keithley & Bump,* for appellant.

*Tomlinson & Gilmore,* for appellee.

1. LANDLORD AND
TENANT:
leases: pro-
vision for
renewal: oc-
cupancy by
succeeding ten-
ant. .

WEAVER, J.—On December 1, 1914, plaintiff, by a written contract, leased to a corporation known as the Aetna Powder Company a room in a business building in the city of Des Moines, for the term of one year from December 1, 1914, to December 1, 1915, at a monthly rental of $50, to be used as an office for said powder company, and for storage. Among the provisions of said lease was the following:

"12. That should lessee hold over by permission of lessor for three days after expiration of this lease, it is agreed by all parties signing the same that it shall constitute a renewal hereof for the same term and upon the same conditions, except that lessor at his election may terminate such renewed lease by giving three days' notice to quit."

After this lease had been executed, and during the term thereof, another corporation, known as the Aetna Explosives Company, being the defendant herein, was organized and took over the business of the lessee and went into possession of the leased premises, paying to plaintiff the stipulated monthly installments of rent as they fell due. The defendant is a New York corporation, its business in Des Moines being in charge of one McCauley, its agent or employe. A short time before the expiration of the year for which the lease was made, a representative of the plaintiff approached McCauley upon the subject whether his company desired to retain the building another year, but no agreement was then made. Plaintiff prepared a form for a new lease for the succeeding year, naming defendant as lessee, and gave it to McCauley, who appears to have for-

warded it to the home office of the company for its consideration. Before the home office had reported its conclusion with reference to a new lease, the year under the old lease expired, and McCauley paid the rent for an additional month, December, 1915. During that month, McCauley informed plaintiff that the company would not enter into a new lease, but would vacate the building, and gave plaintiff written notice to that effect. As the time covered by the notice extended into January, 1916, defendant also paid the rent for that month. Plaintiff took the position that the act of defendant in remaining in possession of the premises for more than three days operated to effect a renewal of the old lease for an additional year, and an obligation upon defendant's part to pay rent for such additional period at the same rate and upon the same terms as specified in the original contract. The defendant quit the premises within the time stated in its notice, and denies that it is in any manner bound to pay plaintiff rent since it surrendered possession of the premises. To enforce plaintiff's claim for rent under the alleged renewal of said lease, this action was brought.

The defendant, answering, denies the plaintiff's claim, and denies that it ever assumed any obligation to pay rent under said leose except for the time it was in possession of the property. It further pleads the fact already stated: that, before the lease expired, plaintiff tendered a form of lease for another year to defendant's agent, who sent it to the defendant for approval; that said negotiation terminated in the determination of the defendant not to accept the lease, of which conclusion it notified the plaintiff, and that defendant also gave plaintiff 30 days' written notice of its intention to vacate the property, and that in fact it did vacate within the time so fixed, having paid the full rental for all the time it had occupied the premises.

The testimony offered on either side indicates nothing

inconsistent with the foregoing statement. The issues appear to have been submitted to the court without a jury. The judgment was for the defendant, and the plaintiff appeals.

. I.   Counsel for appellant, with much industry, have collated authorities to the effect that, where one corporation takes the entire business and effects of another which is dissolved and goes out of business, the former is held to have assumed the obligations and liabilities of the corporation so absorbed. This abstract proposition may be admitted for the purposes of this case, though it is doubtful whether the facts developed in this record are such as to call for an application of the principle contended for. In other words, the proposition of fact which counsel assumes, that the defendant corporation is but another name for the lessee in the written lease, is not so clearly or conclusively shown in the evidence that we can say that it has been established as a matter of law.

2. COVENANTS:
covenants running with
land: provision for renewal of
lease.

Nor are we prepared to concede the further proposition that the clause we have quoted from the lease as to the effect of a holding over is in the nature of a "covenant running with the land" and becomes binding upon the defendant to the same effect and extent as it would have bound the original lessee. A covenant running with the land is usually, though not always, some covenant or promise of the grantor of the land, and inures not only to the benefit of the grantee but also to subsequent grantees or assignees of the title which passes by virtue of the conveyance in which the covenant is made. A covenant which does not so inure to the benefit of subsequent grantees and assignees is personal in its character, and no right to enforce the same passes to a subsequent grantee by virtue of the conveyance of the property to him. We regard it clear

that the agreement between the lessor and lessee that a holding over for three days with the consent of the lessor should operate as an extension or renewal of the lease is no more than an agreement between the lessor and lessee upon the manner in which a renewal of the lease might be effected, if such should be the minds of the parties after the expiration of the lease. It was left open to the tenant to withdraw from the possession, should he then elect to do so, and incur no further liability; and if it remained in possession for the period of three days beyond the term, it was left open to the election of the lessor whether to consent thereto, and treat it as a renewal of the lease, or to refuse his consent and demand possession of the property. This agreement imposed no duty or obligation upon either party to enter into a new lease or a renewal of the old lease, but provided a means by which such renewal could be effected. It follows that, while the acts of the defendant in going into possession and occupying and using the premises and paying the rent stipulated in the lease may be treated as a sufficient showing that it assumed the obligations of the original lessee upon all the terms of such lease so far as they related to the use of the leased premises for the full term thereof, it did not assume or become bound by the further agreement of those parties which contemplated a possible renewal of such lease. That agreement related solely to a result which should follow certain conduct of the parties after the expiration of the lease; and it cannot be presumed that the defendant, in assuming and performing the lessee's duties under the lease, took upon itself the other and further obligations, if any, of the lessee relating to conditions which might arise after the expiration of the lease. As to such matters, there is no privity of contract between the plaintiff and the defendant. *Cohen v. Todd,* 130 Minn. 227 (153 N. W. 531).

II.  Under the record here presented,

**3. Landlord and Tenant: tenancies at will: holding over.**

it is unnecessary to consider the extent to which the ancient law of landlord and tenant has been modified, if at all, and for the purposes of this case we may admit that counsel's statement of the legal effect of the holding over by the tenant is entirely correct as a general legal proposition; but even so, we think the case falls within the scope of a recognized exception thereto. That is, if, when the rent year expires, negotiations are pending between the parties for a further lease, the possession of the tenant after the expiration of the period is treated as that of a tenant at will, and not as that of a tenant holding under a renewal of the former lease. *City of Dubuque v. Miller,* 11 Iowa 583, 586; *Smith v. Allt,* 7 Daly (N. Y.) 492; *Leggett v. Louisiana Purchase Exposition Co.,* (Mo.) 114 S. W. 92 (137 S. W. 893); *Schilling v. Klein,* 41 Ill. App. 209; *Grant v. White,* 42 Mo. 285; *Hilsendegen v. Scheich,* 55 Mich. 468; *Salas v. Davis,* 120 Ga. 95.

**4. Contracts: construction: practical construction by parties: effect.**

The plaintiff's conduct in proposing a new lease and in submitting a form of such lease for approval and execution by the defendant clearly evidenced the fact that it was not relying upon a continuation of the old lease for another year, and that its consent to the retention by the defendant of the possession of the premises was with a view to the making of a new contract and not for the purpose of effecting a renewal or extension of the old one. At the very least, it must be said that, under the circumstances shown, the question whether the continued possession of the defendant and the plaintiff's consent thereto shall operate as an extension of the old lease depends

upon the intent of the parties, and this question of fact will be considered as having been determined by the trial court adversely to the plaintiff,—a finding with which this court is not at liberty to interfere.

5. APPEAL AND ERROR: presumptions: existence of essential fact.

*Leggett v. Exposition,* supra; *Rosenberg v. Sprecher,* (Neb.) 103 N. W. 1045; *Davis v. Brown,* (Miss.) 29 So. 172; *Pusey v. Presbyterian Hospital,* (Neb.) 97 N. W. 475; *Andrews v. Marshall Creamery Co.,* 118 Iowa 595; Taylor on Landlord and Tenant, Sec. 60; *Turner v. Wilcox,* (Okla.) 40 L. R. A. (N. S.) 498.

.We find no error in the record, and the judgment of the district court is—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.