Sayre, J.
(of the Fourth Appellate District, sitting in place of Shields, J.). June 21, 1915, Bessie M. Owen leased to Luther A. Barre a certain storeroom, together with the cellar beneath the same, on the east side of South Main street, Mt. Vernon, Ohio, “for the term of two years, with the privilege of three years longer on the same terms and conditions, commencing on the first day of July, 1915, and ending on the 30th day of June, 1920, for *105 the agreed sum of $3300, payable in monthly payments of $55.00 each, in advance, on the first day of each month during the term of this lease. The last three years of said term of five years is to be at the option of said second party on the giving of ninety days’ notice in writing immediately preceding the expiration of said two year period, of his intention to occupy said premises for said three years following.”
The lessee occupied the premises for two years, and without giving any notice whatever continued in possession until the end of the third year, when he vacated the premises, having paid his rent in full to that time. Suit was brought by the lessor to recover rent for ten months of the fourth year.
In the court of common pleas a demurrer was sustained to the petition for the reason that the same did not state facts sufficient to constitute a cause of action.
Plaintiff claims that by holding over one year of the three-year period the defendant was bound for the payment of rent until the end of that period, and, as reflecting on that question, attention is called to the. language of the lease that it begins July 1, 1915, and ends June 30, 1920, for the total sum of $3300, payable in monthly installments of $55 each, and particularly to the language “the last three years of said term of five years” contained in said lease. It is claimed further that the notice referred to in the lease is for the benefit of the landlord, and that it may be waived, and that the remaining over into the third year justified the landlord in believing that the lessee had decided to remain a tenant, for the remaining three-year period and led the *106 landlord to treat him as a tenant and not as a trespasser at the end of the second year when he continued in possession of the premises.
We have been referred to a number of cases, where property was leased for a definite time with privilege or option for a number of years more, in which it was held that the privilege of extending the term for the full period provided in the option or privilege was exercised by simply remaining in possession and paying the rent. But these are cases in which no notice was required by the terms of the lease in order to take advantage of the option or privilege for an extension, as in Miller v. Albany Lodge No. 206, F. & A. M. (Ky. App.), 182 S. W. Rep., 936. The writer of the opinion in that case, page 937, says:
“The courts make a distinction between a covenant to renew a lease and a provision conferring on the lessee the privilege of extending his term. In the former case some positive act on the part of the parties or notice by the tenant is required, while in the latter case a mere holding over by the tenant for a portion of the extended term is, in the absence of a stipulation for notice in the lease, a sufficient notice, and constitutes an election to hold for the additional or extended term.”
But it will be observed that in that case the court indicates the existence of a different rule in cases where there is a stipulation for notice in the lease.
If the lease requires a notice for the extension of the term it is essential to the extension that the notice be given. Abadie v. Berges, 41 La., 281, 6 So. Rep., 529.
*107 It is clear that at the end of the second year the lease under consideration was terminated, in the absence of the notice required of the lessee. When he held over without giving the notice, was it his intention to extend the lease for the additional three years, or not ?
The courts have held that such intention is not shown by merely holding over, and that if the rental is received by the lessor it will be a holding from year to year, and lessee will not be bound to pay the rent for the remaining period provided by the option or privilege contained in the lease if he should, quit the premises at the end of any year. Cooper v. Joy, 105 Mich., 374, 63 N. W. Rep., 414; Gerhart Realty Co. v. Brecht, 109 Mo. App., 25, 84 S. W. Rep., 216; Murtland v. English, 214 Pa. St., 325, 63 Atl. Rep., 882, and Bradford v. Patten, 108 Mass., 153.
While the lease in controversy contains language indicating that the parties had agreed that the term should be for five years, it is a term for two years subject to an extension of three years more at the option of the lessee.
The judgment will be affirmed.

Judgment affirmed.

Houck and Patterson, JJ., concur.