BURK v. MUELLER.

1. LANDLORD AND TENANT—NOTICE OF RENEWAL—HOLDING OVER.
    Where lease provided that it might be renewed by lessees' giv-
    ing notice of intention to renew, lessees' remaining in posses-
    sion without giving required notice may not be treated as
    renewal of lease or assumption by lessees of any obligation
    incident thereto.

2. SAME—LIABILITY FOR RENT.
    Where liability to pay rent for the month accrued the first day
    of the month, lessees may not escape liability therefor by
    surrendering possession several days later.

Error to Clinton; Searl (Kelly S.), J. Submitted
January 8, 1930. (Docket No. 45, Calendar No.
34,669.) Decided April 7, 1930.

Assumpsit by Fred C. Burk against Curt E.
Mueller and others for rent of realty. From a judg-
ment for $1,250, plaintiff brings error. Reversed,
and judgment for $1,500 ordered entered.

*Fehling & Parmenter,* for plaintiff.

SHARPE, J. On January 2, 1926, plaintiff offered,
in writing, to lease to the defendants what is known
as the Triangle Motor Truck property in the city of
St. Johns from January 2 to June 30, 1926, at a
rental of $250 per month. It contained the follow-
ing paragraph:

"In consideration of all the foregoing payments
to be made by you, you may also at your option re-
new said lease on or before July 1, 1926, for a
further period of six months on the same rental of
$250 per month, payable monthly in advance pro-

On effect of holding over by tenant after notice of intention to
quit, see annotation in L. R. A. 1915A, 235.

Effect of lessee's failure or delay in giving notice of intention to
renew lease within specified time, see annotation in 27 A. L. R. 981.

vided you shall also on or before July 1, 1926, notify
me of your desire to renew said lease and shall also
pay to me in addition to said rent the sum of $1,000
on or before July 1, 1926, and further agree to pay
the addition of $1,000 on or before December 31,
1926, and in consideration of the performance of all
the foregoing covenants you may at your option pur-
chase all of the property mentioned above to be
covered by said lease for the sum of $30,000 and I
agree that in case you shall lawfully exercise your
said option of purchase all of the sums mentioned
above which shall have been paid by you to me shall
be applied upon said purchase price of $30,000 and
reduce the same accordingly.''

Provisions for making the additional payments in
case the option to purchase was exercised were then
added. This offer was not accepted by the defend-
ants in writing. A written lease was thereafter
prepared, but was not executed by them. They,
however, took possession of the premises, and con-
tinued to occupy them until about December 1, 1926.
They paid the rent for the first six months, as pro-
vided for therein. In this action plaintiff seeks re-
covery for the rent from July 1st to December 31st,
inclusive, and also claims the right to recover the
two $1,000 payments provided for in the paragraph
of the offer quoted above. It is his claim that de-
fendants' occupany after July 1st had the force and
effect of a renewal for an additional six months, and
that the payment of the $2,000 was a condition
thereof.

Trial was had before the court without a jury.
Findings of fact and conclusions of law were filed,
on which judgment was entered for plaintiff for
$1,250, rent due from July 1st to November 30th.
Appropriate requests for findings and exceptions to
the denial thereof were filed by plaintiff.

If we treat the offer and its acceptance by entry upon and occupation of the premises as a lease, the rights and obligations of the defendants thereunder became terminated on June 30th. They did not obtain a renewal or notify the plaintiff of their desire to renew, as provided for therein.

While a party in possession under a lease for a stated period, with the privilege of renewal, by his continued possession thereafter may be said to elect to hold for the renewal period (*Delashman* v. *Berry,* 20 Mich. 292 [4 Am. Rep. 392]), yet in *Cooper* v. *Joy,* 105 Mich. 374, 377, it was held that:

"Where notice is required of the lessee's intention to claim the extended term, notice must be given, or the intention must be otherwise manifested; and that a naked holding over is insufficient to warrant a finding that the lease has been extended."

The defendants have signed no obligation to pay plaintiff anything. They occupied the premises for the purpose of experimenting upon an invention of the defendant Mueller for the production of industrial alcohol and farm fertilizer. Steps were taken towards the organization of a corporation which would purchase plaintiff's property agreeably to the terms of his offer, and in which he had expressed a willingness to take some stock. But, owing to disagreement among the parties interested, this plan was abandoned.

On July 1st, the plaintiff might have dispossessed the defendants. Their occupancy thereafter cannot be treated as a renewal of the lease or an assumption by them of any obligation incident thereto. We find no error in the disallowance of plaintiff's claim for the two $1,000 payments.

The December rent presents a different question. It is conceded that, although the defendants removed all of their property from the premises in November, they did not surrender possession to the plaintiff until December 5th or 6th, when the key was delivered to the plaintiff's brother. Assuming that such delivery was, in effect, a delivery to the plaintiff himself, defendants' liability to pay the rent for that month accrued on December 1st, and they could not escape liability therefor by the surrender of possession several days later.

The judgment entered should have included the December rent of $250. It will be reversed and set aside, with costs to plaintiff, and the cause remanded with directions to the trial court to enter a judgment for the plaintiff for $1,500, together with interest thereon from December 1, 1926, to the date of such judgment.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.