## KARSTEDT *v.* GLICK.

[No. 13,511.  Filed July 3, 1930.  Rehearing denied September 4, 1930.  Transfer denied February 22, 1933.]

*Jackiel W. Joseph, William J. Henley, Sr.,* and *Henley & Titsworth,* for appellant.

*Sol H. Esarey,* for appellee.

NEAL, C. J.—The appellant, plaintiff below, filed two separate complaints, to which appellee, defendant, an-

swered in general denial. The material allegations are similar and are as follows: That on September 3, 1925, the plaintiff by a lease, executed by plaintiff and defendant, a copy of which is filed and made a part of the complaint, leased to the defendant the premises therein described then owned by plaintiff and in his possession for a term of one year from September 10, 1925, with the privilege of two additional years, at a rental of $75 per month for the first year and $100 per month for the next two years thereof; that the defendant covenanted and agreed to pay the rent so stipulated on the 10th day of each month without relief and attorney fees; that on September 10, 1925, the defendant took possession of the premises and has ever since used and occupied the same; that plaintiff elected on September 10, 1926, to continue the occupancy thereof at the rent stipulated and availed himself of the privilege granted in the lease by remaining in the premises and not electing to vacate the same on or before the expiration of the first year of the lease; that the plaintiff has fully performed all of the conditions on his part to be performed; that the defendant has not paid the rent due and payable September 10, 1926, in the sum of $100, and has not paid the rent due and payable October 19, 1926, in a like amount. The two cases were consolidated for trial.

The cause was submitted to a jury which returned a verdict in favor of appellant in the sum of $75; the defendant caused interrogatories to be submitted to the jury which interrogatories were answered and returned with the general verdict. The plaintiff filed a motion for a new trial which was overruled. The defendant moved for judgment on the interrogatories as answered by the jury which motion was subsequently sustained by the court. Exceptions were taken in each instance by the plaintiff.

58

The errors relied upon for reversal are: (1) The court erred in sustaining appellee's motion for judgment *non obstante verdicto;* (2) the court erred in overruling appellant's motion for a new trial. The several causes for a new trial predicate error in the admission of certain items of evidence; in the giving and refusal to give certain instructions to the jury; on the amount of the recovery in that it was too small and that the verdict of the jury was not sustained by sufficient evidence and therefore contrary to law.

The evidence admitted over appellant's objections was to the effect that prior to September 10, 1926, the appellee notified appellant in conversation that he would not exercise the privilege contained in the lease for an additional period unless appellant would agree to make arrangements for extra room in order to accommodate appellee's business which appellant promised to do, and appellee relying upon the promise so made by appellant remained longer than September 10, 1926. Evidence was admitted without objection that appellee, in conversation with appellant about a week or ten days subsequent to September 10, 1926, advised him that unless the additional space was provided it would be necessary for him to move and appellant in response said in substance that he was unable to procure the money to build the necessary additions to provide the additional space and that if appellee moved he, appellant, would "move in."

The appellant says that evidence of appellant's promise of additional space; his subsequent refusal to perform and appellee's vacating the premises when so advised, was not admissible under the answer of general denial; that "in order for appellant to sustain his cause of action he was not bound to prove anything which went to confess or avoid his cause of action and evidence going to prove such a defense was not admissible under the issues."

The complaint alleged that appellee elected to exercise the privilege given in the lease for an additional time. It was necessary for appellant, in order to sustain his cause of action, to make proof of the above allegation.

It is the law that where a lease of certain premises provides that the tenant may have the privilege or option of an extended term, including that specified in the lease, and where, as here, no notice to either party was stipulated in the lease to be given of an election to exercise such privilege, the tenants mere continuance in possession and paying rent, creates a presumption that the tenant intended to be bound for such additional term. *Terstegge* v. *German Mutual Society* (1883), 92 Ind. 82, 47 Am. Rep. 135; *Montgomery* v. *The Board of Commissioners* (1881), 76 Ind. 362, 40 Am. Rep. 250; *Barnett* v. *Feary* (1885), 101 Ind. 95.

However such a presumption will not be sufficient to continue the lease if the facts show that such holding over was under and by virtue of other arrangements between the parties. *Goldsbrough* v. *Gable* (1893), 49 Ill. App. 554; *Henderson* v. *Schuylkill* (1904), 24 Pa. Super. Ct. 422; *Abeel* v. *McDonnell* (1905), 39 Tex. Civ. App. 453, 87 S. W. 1066; *Racke* v. *Anheuser-Busch Brewing Co.* (1897), 17 Tex. Civ App. 167, 42 S. W. 774; *Williams* v. *Houston Cornice Works* (1907), 46 Tex. Civ. App. 70, 101 S. W. 839, 1195; 35 C. J. §177.

In *Barnett* v. *Feary, supra,* the court said: "The mere occupancy of the land at and after the expiration of the year cannot be deemed an election to hold it for three years, in the face of an express notification of a different election, and after the opposite party has acted upon such notification by leasing the land to other parties."

We hold that the evidence admitted over appellant's objection was admissible under the answer of general denial. The facts admitted tended to destroy, not to avoid, appellant's cause of action. *Cheney* v. *Unroe*

(1906), 166 Ind. 550, 77 N. E. 1041, 117 Am. St. Rep. 391.

Appellant quotes from the lease as follows: "It is further agreed that the lessor has not made any statement or promise or entered into any undertaking verbal or otherwise in conflict with this lease or that is in anywise to invalidate any of its provisions or enlarge the same," etc. The argument is then advanced that the evidence heretofore referred to is inadmissible because of the provision. The fallacy of the argument is that the question involved does not pertain to any alleged violations of the lease or alterations in its terms. The only question raised was whether appellee elected to take the extended term provided in the lease and, as heretofore stated, the appellee was entitled to prove by evidence, oral or documentary, that no such election was ever made by him.

The court correctly submitted interrogatories to the jury. The question involved was whether the facts introduced in evidence disclosed to the satisfaction of the jury that the holding over was under and by virtue of an agreement between the parties independent of the terms of the lease. The jury found by its answers to the interrogatories that such holding over by appellee was pursuant to an agreement between appellant and the appellee; that appellee would exercise his privilege for an additional term only upon the condition that appellant would provide additional space, which appellant agreed to provide; that thereafter appellant informed appellee that he would not provide additional space and appellee moved from the premises within a reasonable time. The facts found were provable under the issues.

The instructions of which appellant complains were applicable to the issues and the evidence.

No error is available to appellant because the court sustained appellee's motion for judgment *non obstante*

*verdicto.* Appellant's complaint proceeded solely ■ on the theory that appellee had elected to exercise the privilege of an extended term and was bound by the provisions of the lease. The jury found the facts to be otherwise and appellant was not entitled to recover on the theory so adopted by him.

We quote from *Atlantic National Bank of Boston* v. *Demmon* (1885), 139 Mass. 420, 1 N. E. 833, as follows: "The fact of holding over and paying rent would undoubtedly raise a certain presumption that a tenant has elected to hold over for the further term stipulated for in the lease. This, however, is not a conclusive presumption of law, but it is rebuttable by evidence. . . . The written lease merely reserves to the tenant the option, and whether he has exercised that option or not is a matter of fact to be determined independently. His holding over, accompanied with payment of rent, is a piece of evidence— a strong piece of evidence—a piece of evidence sufficient of itself, if unexplained and uncontrolled, to raise a fair inference and presumption that the option has been exercised, and thus to make out a *prima facie* case. But this is the most that can be said of it, and it is still competent for the tenant to offer opposing evidence. 1 Greenleaf, Ev. §33. Such evidence contradicts no term of the lease. It simply shows that the option secured to the tenant by the lease has not been exercised." See *Kuhlman* v. *Lemp Brewing Co.* (1910), 87 Neb. 72, 126 N. W. 1083, 29 L. R. A. (N. S.) 174; *Stevenson* v. *Almes,* 8 Ohio Dec. Reprint, 566; *Steen* v. *Scheel* (1895), 46 Neb. 252, 64 N. W. 957; *Grant* v. *Collins* (1914), 157 Ky. 36, 162 S. W. 539, Ann. Cas. 1915D 249; *Street-Whittington Co.* v. *Sayres* (1915), (Tex.), 172 S. W. 772; *Habich* v. *University Park Bldg. Co.* (1912), 177 Ind. 193, 97 N. E. 539; 16 R. C. L. 401.

We conclude no assigned error is available to appellant. Judgment affirmed.