## HASELTON v. FLORENTINE MARBLE CO.

(Circuit Court, D. Vermont.  May 12, 1899.)

1. MORTGAGES—RIGHT TO FORECLOSE—AGREEMENT FOR EXTENSION.

An agreement between mortgagor and mortgagee, after condition broken, that the time for making payment might be deferred, but not for any definite time, will not defeat the right of entry given by the terms of the mortgage, nor bar proceedings for foreclosure.

2. ATTORNEY AND CLIENT—POWERS OF ATTORNEY.

The relation of attorney and client alone will not confer on the attorney authority to bind his client by an agreement to extend the time for payment of a mortgage debt owned by the client.

In Equity.  On motion for the appointment of a receiver.

Chas. M. Wilds, for plaintiff.

Frederick H. Button and Eleazer L. Waterman, for defendant.

WHEELER, District Judge.  This bill is brought for foreclosure of a mortgage on, and sale of, marble lands and quarries, "and all and every and each of the engines, boilers, derricks, channeling machines, ropes, pulleys, gang saws, mills, houses, machinery, and appliances, and all the railroad tracks, switches, sidings, leases, and all and singular the real and personal property of the said Florentine Marble Company, in the state of Vermont, which it now owns, or which it may hereafter own, in connection with the operation of its business in said state of Vermont," to secure six notes of the defendant, dated September 1, 1897, by whomsoever held,—one of $3,-659.86 and one of $6,340.14, due in one year from date, and four of $10.000 each, due, respectively, in two, three, four, and five years from date, with interest semiannually.  The condition of the mortgage is:

"Now, if default be made in the payment of said six promissory notes, or any part thereof, the interest thereon, or any part thereof, at the time and in the manner above specified for the payment thereof, or in case of waste, or non-payment of taxes or assessments upon said premises, or a breach of any of the covenants or agreements herein contained, then in such case the whole of said principal sum and interest secured by the said six promissory notes shall thereupon, at the option of the legal holders of any of said notes, become immediately due and payable; and on the application of the legal holder of said promissory notes, or either of them, it shall be lawful for the said grantee, or his successor in trust, to enter into and upon and take possession of the premises hereby granted, or any part thereof, and to collect and receive all rents, issues, and profits thereof, and operate said quarries and business in his own name, as such trustee, and in his own name or otherwise to file a bill or bills, in any court having jurisdiction thereof, against the party of the first part, its successors or assigns, and obtain a decree for the appointment of a receiver, and for the sale and conveyance of the whole or any part of said premises for the purposes herein specified, by said party of the second part, as such trustee or as special commissioner, or otherwise, under order of court, and out of the proceeds of any such sale to first pay the costs of such suit, all costs of advertising, sale, and conveyance, including the reasonable fees and commissions of said party of the second part, or person who may be appointed to execute this trust, and reasonable attorney's and solicitor's fees, to be fixed by the court, and also all other expenses of this trust, including all moneys advanced for abstracts of title, for insurance, taxes, and other liens or assessments, with interest thereon at six per cent. per annum; then to pay the principal of said first maturing notes due one year from the date thereof, and the balance upon the

four notes, of ten thousand dollars each, due two, three, four, and five years from date, respectively."

The bill and answer show that Martha E. Worthy, at whose request this suit is brought, holds and owns all the notes but that of $6,340.14, which is held and owned by Samuel A. Tolman. The interest has been paid as it fell due. The answer sets up an agreement with the attorney of Mrs. Worthy and with Mr. Tolman to extend the time of the two first notes one year, which, with authority to make it, as to the one held by Mrs. Worthy, is denied by her. A motion for a receiver has now been heard on bill, answer, and affidavits.

The alleged agreement to extend time is relied upon to defeat the motion for a receiver. If there was such valid agreement, before condition broken, to extend the time beyond when the bill was brought, it might save the breach upon which the bill is founded. But no agreement to extend any definite time appears, or is claimed to have been made, before the first two notes fell due. There was talk about it before, and correspondence after, which, however, appear to have never amounted to more than a loose understanding that payment might then be deferred, but not for any definite time. This would not devest the right of entry accrued by the breach of condition, nor bar proceedings of foreclosure. Authority to make such an agreement would need to be shown, beyond the relation of attorney and client, which is not only not shown, but the want of it is made to appear.

The option to have the whole debt become due on default of part was attempted to be exercised after the next installment of interest was paid, and after this suit was begun. Question has been made in argument whether the attempt was seasonable. That question is not material, however, on this motion; for the orator had the right to enter upon the mortgaged premises and property, and take the rents and profits to apply on the debt, and to have a receiver appointed for that purpose, upon any breach of condition, according to the terms of the mortgage. That question may properly arise when payment of that part of the debt is reached in the course of the proceedings.

By the terms of the mortgage, the mortgagor had the right to the possession and control of the property, and "to quarry and sell marble therefrom, and carry on the business," in the ordinary way, so long as the conditions of the mortgage should be performed. Question is also made whether the mortgage covers marble quarried by the mortgagor in possession. The words, "all and singular the real and personal property of the said Florentine Marble Company, in the state of Vermont, which it now owns, or which it may hereafter own, in connection with the operation of its business," would seem broad enough to cover this marble, if operative upon it. The other property could be mortgaged, mostly or wholly, as real estate could. V. S. § 2269. This would be personal property, but a mortgage of it as if real estate would seem to be valid against the mortgagor; and, with possession, against all. Section 2252. The temporary receiver appointed on consent is understood to be now in

possession of the property, with the rest, which would perhaps be sufficient. This possession should be continued, but without prejudice to the rights of the defendant in any proceeding concerning it that may be advised.

The answer sets up the want of Mrs. Worthy as a party as an objection to the bill; but as the plaintiff is the mortgagee, and by the terms of the mortgage authorized on application of any holder of any of the notes to take possession, and to file a bill in his own name, this objection does not now seem to be in any wise well founded. Temporary receiver continued till further order.