Greensboro Natural Gas Company, Appellant, v. Fayette County Gas Company.

*Equity—Equity practice—Equity pleading—Continuing trespass—Dismissal of bill.*

A bill in equity should not be dismissed on answer and replication, where it appears from the bill that the complainant was in actual possession of land under an oil and gas lease for a definite term, and this fact is not denied by the answer, and the prayer of the bill is that the defendant be enjoined from the commission of a continuing trespass and the perpetration of wrongs alleged to be irreparable. The case, as presented by the pleadings, is one for a hearing and final decree thereafter.

Argued May 14, 1901.     Appeal, No. 132, Jan. T., 1901, by

plaintiff, from decree of C. P. Fayette Co., No. 333, in equity in case of Greensboro Natural Gas Company, a Corporation, v. Fayette County Gas Company, a Corporation. Before MITCH-ELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed:

Bill in equity for an injunction.

The bill averred that the plaintiff was the owner of an oil and gas lease dated February 23, 1900, on certain land formerly owned by N. B. Johnson; that the lease was for five years from the date thereof; that on March 8, 1900, the land was sold by the executors of Johnson to Alva L. Morris; that complainant's lease was recorded before the deed to Morris; that on or about January 28, 1901, Morris executed an oil and gas lease to the defendant, the Fayette County Gas Company. The bill continued as follows:

8. That defendant took its lease with full knowledge that your orator's lease was a good and valid lease, the defendant deceiving and fraudulently representing to said Morris that he could safely ignore your orator's lease and could safely lease to the defendant.

9. That on January 30, 1901, about 2:30 P. M. your orator learning that the defendant proposed to enter upon said property and drill for oil and gas in defiance of your orator's lease, gave defendant written notice of your orator's rights and notified defendant not to enter upon said property and that defendant would be held responsible in damages for any entry thereon with the intentions to drill. Notwithstanding such notice your orator is informed that on January 31, 1901, the defendant entered on said premises for the erection of a derrick and made preparations to begin drilling for oil and gas.

10. That on January 31, 1901, in the morning, your orator entered upon said premises and located a well and began preparations to drill for oil and gas, and has continued said preparations and purposes to complete a well forthwith on said property.

11. That your orator has leased other properties in said township and has what is designated as a fairly contiguous territory, and said Johnson tract is situated in the heart of said territory and in the direct line of the productive wells, and is therefore an essential and very valuable part of said territory. And the damages to your orator from being deprived of the exclusive

right to drill for oil and gas on said Johnson tract are not capable of being determined in an action at law, and no adequate reparation can be made to your orator for interference with and the loss of its exclusive right to drill upon said tract. And the entry on said land for the purpose of drilling by the defendant is a trespass, and continuance thereon for that purpose will be a continuing trespass for which your orator has no adequate remedy at law.

12. That your orator is a corporation of the state of Pennsylvania and defendant is a corporation of the state of West Virginia.

Wherefore your orator needs equitable relief and prays:

1. That an injunction issue forthwith, preliminary until hearing, and to be made perpetual thereafter, restraining the defendant and its agents and employees from erecting on said land any derricks or other structures used in drilling for oil and gas, and restraining them from drilling on said land for oil or gas and from in any way trespassing upon or interfering with your orator's exclusive rights on said land.

The defendant filed an answer in which the possession of the plaintiff was not denied. The plaintiff filed a replication, and subsequently the defendant moved the court to dismiss the bill. The court granted the motion and dismissed the bill.

*Error assigned* was decree dismissing the bill.

*Edwin S. Craig* and *George D. Howell*, for appellant.—The defendant's motion to dismiss the bill for want of jurisdiction in equity is, in effect, a demurrer to the bill, and the only issue properly before the court was whether or not the bill sufficiently stated a case within the jurisdiction of a court of equity. The court should not have dismissed the bill: Bitting's App., 105 Pa. 517; Hunter's App., 40 Pa. 194; Johnston v. Price, 172 Pa. 427; Adams's App., 113 Pa. 449; Drake v. Lacoe, 157 Pa. 39; Walters v. McElroy, 151 Pa. 549; Allison's App., 77 Pa. 221; Duffield v. Hue, 136 Pa. 602; Carnegie Nat. Gas Co. v. Philadelphia Co., 158 Pa. 318; Marshall v. Mellon, 179 Pa. 371; Pennsylvania Lead Company's App., 96 Pa. 116; Jennings Bros. & Co. v. Beale, 158 Pa. 283.

Even if the possession were not in the plaintiff, but in the

defendant (which, however, is not the fact), the plaintiff would not have an adequate remedy at law by an action of ejectment: Black v. Hepburne, 2 Yeates, 333; Dark v. Johnston, 55 Pa. 164; Westmoreland etc., Nat. Gas Co. v. DeWitt, 130 Pa. 235; Jones v. Forest Oil Co., 194 Pa. 379; Thompson's App., 101 Pa. 225; Venture Oil Co. v. Fretts, 152 Pa. 460; McNish v. Stone, 152 Pa. 457; Mortland v. Mortland, 151 Pa. 593.

The replication was filed within the time fixed by the equity rules, and its effect was to throw on the defendant the burden of sustaining, with evidence, the averments of the answer: Naglee's Est., 52 Pa. 154; Riegel v. American Life Ins. Co., 153 Pa. 134; Socher's App., 104 Pa. 609; Warren Ry. Co. v. Clarion Land Co., 54 Pa. 28; Com. v. Pittsburg etc., C. R. R. Co. 24 Pa. 159.

*E. C. Higbee,* of *Sterling, Higbee & Dumbauld,* for appellee.— The court had no jurisdiction. The answer of defendant raised the question. It was properly raised in this manner: Maguire's App., 102 Pa. 120; North Shore R. R. Co. v. Pittsburg, Ft. Wayne & Chicago Ry. Co., 193 Pa. 641; North Penna. Coal Co. v. Snowden, 42 Pa. 488; Tillmes v. Marsh, 67 Pa. 507; Long's App., 92 Pa. 171; Messimer's App., 92 Pa. 168; Frisbee's App., 88 Pa. 144; Leininger's App., 106 Pa. 398; Richard's App., 100 Pa. 51; Emerson & Wall's App., 95 Pa. 258; Schlecht's App., 60 Pa. 173; Christie's App., 85 Pa. 463; Thomas v. Hukill, 131 Pa. 298.

OPINION BY MR. JUSTICE BROWN, July 17, 1901:

Seven reasons were assigned by the respondent in the court below in support of its motion to dismiss complainant's bill for want of jurisdiction; but upon which one of them the learned judge relied in summarily disposing of the case we are not informed. He may have relied upon all; but no one of them was good, and the decree ought not to have been made. The case, as presented by the pleadings, was one for a hearing and final decree thereafter, and not for dismissal of the bill on answer and replication.

This is not a bill for the recovery of possession of land, or to settle title. Under a lease of no doubtful terms, the complainant was in actual possession of the land, for the purpose

of exercising its rights, as alleged in the tenth paragraph of its bill, which is not denied in the answer of the respondent, and the prayer is, that the latter be enjoined from the commission of a continuing trespass and the perpetration of wrongs alleged to be irreparable. The title of the complainant, as shown in the bill, was complete and exclusive for a term of years in the land, for the purpose of drilling and operating for oil and gas, and, as therein set forth, it is not denied in the answer. The matters set up by the respondent are not in denial of the material averments of the bill, but rather in avoidance of them. The legal rights of the complainant under the lease are clear, and, as it has not been denied as set forth in the bill, there are no rights under it which must first be determined at law. The issue raised by the answer is one simply of trespass upon rights. In the printed argument the unchallenged statement is made that, on the argument in the court below of the motion to dismiss the bill, the learned judge intimated that the answer must be taken as true. A replication had been filed to it, and, while it might properly have been regarded as true for the purpose of a motion to dissolve the preliminary injunction, the respondent was put to proof of its averments, if they were sufficient to drive the complainant out of court. The damages sought to be prevented cannot be measured by ordinary standards, and the wrong complained of, if not arrested, will be of a continuing character. In such a case equity will intervene: Pennsylvania Lead Company's Appeal, 96 Pa. 116. At this time nothing more need be said than that the decree of the court below dismissing the bill is reversed, and the same is reinstated, with a procedendo, the appellee to pay the costs of this appeal.