Argued June 19, reversed June 30, rehearing denied September 15, 1914.

## TOOMEY *v.* CASEY.

(142 Pac. 621.)

**Landlord and Tenant—Actions for Rent—Burden of Proof.**

1. Where premises were leased for six months with an option to the lessees to continue the lease for a further period, it was incumbent on the lessor, in an action for rent accruing after the six-month period, to prove that the tenants exercised the option and held the property under the terms of the lease after the expiration of the six months.

[As to implied renewal and continuance of leases and terms for which deemed renewed, see note in 91 Am. Dec. 563.]

**Evidence—Admissions—Acts of Agent.**

2. Before the acts of an agent can be shown as against his principal, the agency must be proven.

[As liability of principal for unauthorized acts of agents, see notes in 22 Am. St. Rep. 189; 88 Am. St. Rep. 779.]

**Principal and Agent—Authority of Agent—Evidence.**

3. The authority of an agent cannot be proven by his own statements or acts unless it be shown that the principal knowingly acquiesced therein, especially where the agreement relates to real property, in which case Section 808, L. O. L., provides that an agreement by an agent of the party to be charged is void unless the agent's authority be in writing, and that evidence of the agreement shall

not be received other than the writing or secondary evidence in the ·
cases prescribed by law.

[As to declarations and acts of agents, see note in 131 Am. St.
Rep. 306.]

**Landlord and Tenant—Actions for Rent—Evidence—Weight and Suffi-
ciency.**

4.   Where a lease for six months gave the tenants an option to
renew for a further term, the retention of the premises after the six-
month term is necessary, but not conclusive, evidence of a holding
under the old lease.

**Evidence—Admissions—Declarations by Attorney.**

5.   Evidence of statements by a person as attorney for the adverse
party is not admissible, since an attorney has no implied power to
bind his client by contract.

[As to authority of attorney to bind his client, see notes in
76 Am. Dec. 256; 30 Am. Rep. 258.]

**Landlord and Tenant—Actions for Rent—Admissibility of Evidence.**

6.   In an action for rent, where the only issue was whether the de-
fendants had exercised an option to renew their lease, the admission
of evidence that, on account of · failure of defendants to pay the
rent, a mortgage on plaintiff's interest in the property was foreclosed
was error.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.     Statement by MR. JUSTICE BEAN.

On the 26th day of May, 1911, the plaintiff, J. M.
Toomey, executed a lease to J. D. Casey and J. H.
Hutchinson of an undivided one-half interest in a cer-·
tain building and its contents, situated on lots 6 and 7,
in block 37, Couch's Addition to the City of Portland,
Oregon, for the term of six months from the 1st of
June, 1911, "with the option and privilege upon the
parties of the second part for forty-two months, begin-
ning with the expiration of the said six months'
period," for a rental of $600 per month during the six
months, and also for the period of "42 months, pro-
vided the said parties of the second part shall elect to
exercise such option and privilege hereby granted, and
keep, occupy and possess the same during the said
forty-two months." The plaintiff was the original

lessee of the property and sold a one-half interest to the defendants. The plaintiff owned the remaining interest therein until May 18, 1912. Practically no question arises as to the rent during the first six months. The plaintiff alleges that the defendants exercised the option and privilege given them in the lease and renewed the same for the remaining period of 42 months. This is denied by the defendants, who by their answer plead that, prior to the expiration of the six months, they informed the plaintiff that they would not exercise the privilege or option given them in the lease to continue the same for any part of the 42 months; that the plaintiff requested the defendants to take charge of the whole of the property, make the necessary repairs, remodel the building, sublet the same to the best advantage, pay the rent of the lots to the original lessor, pay the taxes, interest, fixed charges, and generally manage the property for the best interests of the plaintiff and the defendants; that they did so, and expended $3,257.55 in remodeling the building, one half of which is chargeable to the plaintiff. The reply put in issue the new matter of the answer in so far as controverted in this case.            REVERSED. REHEARING DENIED.

For appellants there was a brief and an oral argument by *Mr. Leroy Lomax.*

For respondent there was a brief over the name of *Messrs. Corliss & Skulason,* with an oral argument by *Mr. B. G. Skulason.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The defendants contend that in November, prior to the termination of the six months, they informed

the plaintiff that they would not renew the lease, that the rents were insufficient, and that it was necessary to remodel the building. The sole question in dispute in the case is whether or not at the end of the six-month period mentioned in the lease the defendants did elect to continue the lease for the further period of 42 months. The plaintiff sought to show that the defendants did "keep, occupy and possess" the premises after the expiration of that time. The controversy centers around this point. It was therefore incumbent upon the plaintiff to establish by his proof the fact that the defendants exercised the option given them in the six-month lease and held the property under its terms after the expiration of such time.

It is contended by the defendants that the court erred in permitting the plaintiff, as a witness in his own behalf, to testify over the objection and exception of counsel for the defendants in regard to the continuation of the lease as follows:

" * * Q. Now, was there anything said by you to them, or by them to you, about continuing in possession for the 42 months, at the end of the six-month period, at any time?

" * * A. Their attorney came to me, gentlemen, and informed me they intended to exercise their option, and they would have to give instructions to another tenant, who was—

"Q. Who was their attorney?

"A. Mr. Lomax, I presume now, and was then.

"Q. The gentleman conducting the defense here?

"A. Yes, that is him (indicating counsel for the appellants). I said 'Very well, give me a public, proper notice, and I will be ready to vacate. He then'—

"Q. (Interrupting.) Just a moment, Mr. Toomey. Were you at that time renting some portion of the premises?

"A. I was renting a space at that time from them, on the premises there, paying for it.

"Q. What do you say Mr. Lomax said about it? (Which was objected to by counsel for appellants as incompetent, irrelevant and immaterial. Which objection was overruled by the court, and an exception taken and allowed.)

"A. Mr. Lomax came to me personally, as their representative, probably as their attorney, otherwise I don't know what he was, saying that he wanted the space I had; they wanted to make some alterations, and said, 'We shall have to have these spaces vacated right away.' I said, 'Put this notice in proper form.' I think the particular words I used were, 'Give me notice in legal form,' which he did. He gave me that notice, and I vacated accordingly."

It is contended by the defendants that there was no evidence tending to show that Mr. Lomax, the agent and attorney referred to, was authorized to bind the defendants. It is in evidence on the part of the defendants in effect that a short time before the expiration of the six months the defendants came from Union County, where they then resided, and had a consultation with the plaintiff in regard to the premises, informing him that they could not pay $600 per month rental for his share; that negotiations were had for the leasing to the defendants of the one-half interest of plaintiff for $500 per month rental; that a lease to this effect was drafted, but not signed; that the lease provided that any repairs or alterations deemed proper to be made for the betterment of the premises should be made at the expense of the lessees. The plaintiff on his part contends that it was understood and agreed that the defendants should give security for the payment of the rent, which they failed to do. The defendants assert that before the negotiations were completed

they had expended money in remodeling the hotel building, and that afterward the plaintiff refused to sign the lease. It will therefore be seen that the testimony of the plaintiff in regard to the statements of the agent, Mr. Lomax, pertain to a very material matter, namely, the election to exercise the option to extend the lease for 42 months, involving the sum of $25,200. It is in evidence that plaintiff, Toomey, on November 15, 1911, joined with the defendants in the execution of a lease of a portion of the premises to one Tomlinson; that Casey testified on the trial of another action that Mr. Lomax was representing them in these matters. We have read all the evidence which is attached to the bill of exceptions. It appears that Mr. Lomax had been acting as the attorney for the defendants; that he was a son in law of Mr. Hutchinson, and had been looking after the collection of rents from the sublessees, and aiding in the management of the property for the defendants.

2. Before the acts of an agent can be shown as against his principal, the agency must be proven. The plaintiff testified plainly to the effect that no statement was made by either of the defendants that they desired to continue the lease, and he appears to have relied wholly upon the statements of the agent.

3. The authority of an agent cannot be proven by the alleged agent's own statements or acts unless it be also shown that the principal knowingly acquiesced therein: *Connell* v. *McLoughlin,* 28 Or. 230 (42 Pac. 218); *Sloan* v. *Sloan,* 46 Or. 36, 39 (78 Pac. 893); *Wade* v. *Amalgamated Sugar Co.,* 65 Or. 488 (132 Pac. 710); *Harding* v. *Oregon-Idaho Co.,* 57 Or. 34 (110 Pac. 412, 415). Moreover, Section 808, L. O. L., provides in part that an agreement concerning real property, made by an agent of the party sought to be charged, is void

unless the authority of the agent be in writing, and that evidence of the agreement shall not be received other than the writing or secondary evidence of its contents in the cases prescribed by law.

Mr. Chamberlayne, in his work on Evidence, Volume 4, Section 2729, says:

"The statements of alleged agents when offered against a principal are rejected as hearsay when the true ground of exclusion apparently is that, until the authority of the agent to bind his principal is shown, his declarations are irrelevant and are not admissible to establish the fact of agency. This connection between agent and principal necessary to the relevancy of the unsworn statement of the former when offered to affect the latter is not shown merely by proving a close relationship by blood or marriage between the two, still less by the establishment of one growing out of the employment or social intercourse."

4. The main fact upon which the plaintiff appears to base a recovery is that the defendants retained possession of the leased premises after the expiration of the six-month term mentioned in the lease. While under the conditions of the six-month lease such possession would be necessary, yet it is not conclusive evidence that the defendants were holding the same under the old lease. Such possession is consistent with three theories: First, as contended by the plaintiff, that they were holding under the original lease; second, as contended by the defendants, that a new contract was made for the defendants to retain possession and manage the property; and, third, that they held possession as owners of a one-half interest therein. It appears that it was not finally determined that such lease would not be executed until some time after the expiration of the six months.

5. It was not permissible for the plaintiff to testify to statements made by Mr. Lomax as the attorney for the defendants, as it is a well-settled rule that an attorney has no implied power to bind his client by contract: 4 Cyc. 943; 2 R. C. L., § 54, p. 977; *Haynes* v. *Tacoma O. & G. H. R. Co.,* 7 Wash. 211 (34 Pac. 922); *Walk* v. *Hibberd,* 65 Or. 497 (133 Pac. 95); *Haselton* v. *Florentine Marble Co.* (C. C.), 94 Fed. 701; *Beardsley* v. *Root,* 11 Johns. (N. Y.) 464, (6 Am. Dec. 371). It was error, therefore, to admit the testimony to which objection was made.

6. The defendants also complain that the court erred in admitting evidence of the plaintiff to the effect that on account of the failure of the defendants to pay the rent, the mortgage on his interest in the property was foreclosed. We think this point is well taken, although it may not be that this alone would necessitate a reversal of the judgment. This evidence had a tendency to prejudice the jury in the matter.

On account of the error first mentioned and for the reason that there was no other evidence except slight circumstances tending to show that the defendants held the possession of the property under the original lease, the judgment of the lower court must be reversed and the cause remanded for such proceedings as may be deemed proper, not inconsistent herewith.

REVERSED.     REHEARING DENIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE McNARY and MR. JUSTICE RAMSEY concur.