### RENNIE v. RED STAR OIL CO. et al.

No. 9684—Opinion Filed May 4, 1920.

(Syllabus by the Court.)

**1. Oil and Gas—Rights of Lessee—Possession of Premises.**

In an oil and gas lease, the lessee is entitled to the possession of the lands so leased to the extent reasonably necessary to perform the obligations imposed on the lessee by the terms of the lease.

**2. Same—Right to Remove Improvements—Cessure of Operations—Effect as Abandonment.**

Where the lessee ceases operations under a lease, such cessure alone is not sufficient to establish abandonment. As to whether or not the lessee has abandoned the premises it depends upon all the circumstances of the particular case. If the lessor acquiesces in the cessure of operations or fails to act in a manner indicating he considers the leased premises abandoned, he may be restrained from interfering with the lessee in removing casing, pipes, and other improvements erected by the lessee upon the premises where the lease specifically gives the lessee the right to remove such casing, pipes, and other improvements at any time.

Error from Superior Court, Tulsa County; M A. Breckenridge, Judge.

Injunction by the Red Star Oil Company and another against H. C. Rennie. Judgment for plaintiffs, and defendant brings error. Affirmed.

Samuel A. Boorstin and C. R. Thurwell (Carl M. Beren, of counsel), for plaintiff in error.

H. B. Martin and R. A. Reynolds, for defendants in error.

PITCHFORD, J. The defendant in error was lessee in an oil and gas lease executed by W. E. Chastain on the 19th day of July, 1913; the lease containing the following provisions:

"That the lessor, in consideration of the sum of one dollar in hand paid, the receipt of which is hereby acknowledged, and the payment of the sum of $5,000, payable as hereinafter stated, and of the covenants, agreements, stipulations and conditions herein contained, does hereby grant, demise, lease and let unto the lessee all of the oil and gas in and under the following described tract of land, and also the said tract of land, for the purpose and exclusive right of entering upon and operating thereon and removing therefrom said oil and gas, with the right to use oil, gas and water therefrom and all rights and privileges necessary or convenient for such operations; also the right to remove at any time all property, pipes and improvements placed or erected in or upon said land by the lessee, said land being all of that certain tract of land situate in Tulsa county, Oklahoma. * * *"

It was further provided that:

"The lessee agrees and binds himself to forthwith commence drilling operations upon said premises, and unless delayed by court proceedings or the act of God, to complete on said premises within sixty days from the date hereof, a test for oil or gas to a depth of 1,500 feet, unless oil or gas is found at a lesser depth in paying quantities, and to complete a second test to said depth within 120 days and a third test to said depth within 180 days, unless oil or gas is found in paying quantities at a lesser depth.

"It is agreed that in the event oil or gas is found on said land in paying quantities. developed as aforesaid, that the balance of the consideration named in this contract in the sum of $5,000 may be paid by the lessee to the lessor in one-half of the gross oil or gas

less royalty. Proper division orders to be executed and suitable books to be kept by the lessee, so as to disclose the amount of oil or gas sold from the said premises.

"It is agreed that if the lessee shall fail to drill the three test wells above described within the time aforesaid, unless delayed by court proceedings or the act of God, or shall fail to diligently drill said wells, when the excusable cause of delay shall end, this lease shall terminate and the consideration of $5,-000 shall become immediately due and payable and shall draw interest from the date the same becomes due at the rate of 10 per cent per annum until paid. Completion of said three wells and payment of said bonus shall of itself give full force and effect to this instrument.

"It is agreed that the drilling period of 180 days above set forth, shall be extended in the event the lessee is delayed in drilling said premises on account of court proceedings or act of God."

It appears that the lessee entered into possession of the lands described in the lease and drilled the three wells within the specified time. The wells produced a small quantity of oil for a time, but did not prove profitable, and the lessee ceased operations. The total amount expended in developing the lease was approximately $15,000. Sometime thereafter, the buildings erected by the lessee upon the leased premises, together with the tanks, were destroyed by fire.

A short time prior to the institution of this action, the lessor sold the land covered by the lease to plaintiff in error. After the purchase of the lands by plaintiff in error, the lessee arranged to draw the casings and remove the pipes and other improvements placed on the land by the lessee, but when it was sought to go upon the land for this purpose, it is averred, the plaintiff in error by force excluded the lessee from the premises, and further threatened to take the lives of any persons who might, on behalf of the lessee, go upon the premises for the purpose of removing said property therefrom.

Thereupon, the lessee filed in the superior court of Tulsa county its petition praying that the plaintiff in error be restrained from interfering with the lessee, its servants, and agents going upon said premises and removing therefrom such of the property of the lessee as was then upon said premises.

Thereafter, the cause came on to be heard, the court heard the testimony of witnesses, and rendered judgment in favor of the lessee as prayed for, from which judgment plaintiff in error appeals.

The errors complained of for reversal of the judgment of the lower court may be sum-marized under the following heads: First, that the petition was not verified according to law; second, that the lessee had a plain and adequate remedy at law; third, that the court erred in not sustaining the demurrer to the evidence.

Section 4868, Rev. Laws of Oklahoma 1910, provides:

"The injunction may be granted at the time of commencing the action, or any time afterwards, before judgment by the district court, or the judge thereof, or, in his absence from the county, or disqualification, by the county judge, upon its appearing satisfactorily to the court or judge, by the affidavit of the plaintiff or his agent, that the plaintiff is entitled thereto."

The petition filed by the lessee herein was verified by H. B. Martin, an attorney, on information and belief. It was decided in Galbreath Gas Co. v. Lindsay, 35 Okla. 235, 129 Pac. 45, that a petition verified on information and belief was insufficient; that is, insufficient to justify the court to grant an injunction upon a petition so verified alone.

In the instant case, the injunction was not granted until after the court had heard the testimony of witnesses. In the evidence given by the attorney who verified the petition, all the facts set out in the petition are testified to by him as within his personal knowledge. The injunction was not granted alone upon the petition, but, in addition thereto, upon the testimony of witnesses in support of the statements therein set forth. The trial court would not have been justified in granting the order upon the petition alone, the verification not being as required, and we presume that in the absence of the oral evidence the order would have been denied.

It is strenuously contended that the lessee was not entitled to injunctive relief; that the remedy, if any, was by an action in replevin; in other words, that the lessee had a plain and adequate remedy at law.

In considering this contention, we should inquire as to the rights of the lessee under the terms of the lease. Under an oil and gas lease, the possession of the leased premises by the lessor and lessee is what might be termed a concurrent possession; that is to say, the lessee is entitled to enter upon the land leased and entitled to the possession of such parts and portions thereof as are necessary for developing the premises for oil and gas under the terms of the lease and to do the things necessary to make the operation successful.

In Brennan v. Hunter, 68 Oklahoma, 172 Pac. 49, the court said:

"The lease from Hill to Hunter and associates, conferred on the lessee the right to go on the premises and search for oil within the initial period and to commence operations within that period and continue the same until it was determined whether the premises were barren, or oil or gas, or either of them, was found thereon in paying quantities, and, while the lessees acquired no vested estate in the premises prior to the discovery of oil or gas, yet they had the right to the possession of the land to the extent reasonably necessary to perform the obligations imposed on them by the terms of the lease."

To the same effect, see Thornton on Oil & Gas, vol. 1, sec. 110; Westmoreland Gas Co. v. DeWitt, 130 Pa. 235, 18 Atl. 724, 5 L. R. A. 731; Greensboro Nt. Gas Co. v. Fayette County Gas Co., 200 Pa. 388, 49 Atl. 768; Galbreath v. McLane, 51 Okla. 754, 152 Pac. 355; Pulaski Oil Co. v. Connor, 62 Oklahoma, 162 Pac. 464.

In the instant case, it appears that the lessee went into possession of the leased premises in so far as was necessary for the purposes of the lease; wells were drilled and encased, pipes were laid, tanks were erected, and the wells operated for some time. Quite a large sum of money was expended by the lessee in developing the premises. While the operations had ceased for some time before the lessee sought to remove the property involved from the premises, its right to do so had at no time been questioned by the lessor; in fact, we find negotiations taking place between the lessor and lessee as to a settlement and a threat upon the part of the lessor to bring an action to cancel the lease.

There is no denial that the title or the right of possession to the property sought to be removed from the premises was in the lessee. The demurrer admits the truth of the evidence offered by the lessee and all reasonable inferences to be drawn therefrom. Sartain v. Walker, 60 Okla. 258, 159 Pac. 1096; Rose v. Woldert Grocery Co., 54 Okla. 566, 154 Pac. 531.

No effort was made to show that the lessor or the plaintiff in error, prior to the time the lessee sought to remove the property from the leased premises, was holding the property adversely to the lessee or denying the right of the lessee to enter and remove the same. So far as the record discloses, the lessee was constructively in possession of all the property sought to be removed, and being in the constructive possession at the time, under the terms of the lease, neither the lessor nor the plaintiff in error was justified in attempting to exclude the servants and agents of the lessee from the premises for the purpose of removing the property therefrom.

Had the plaintiff in error made it to appear that he was entitled to the property, or the right to possession, or that the lessee had abandoned the premises, or established any facts showing that the lessee was not entitled to the possession thereof, we presume, under that showing, the injunction would not have been granted; in other words, that the trial court would have decided that the lessee was not entitled to injunctive relief, for the reason that the law provided a full and complete remedy.

We have carefully examined the evidence introduced at the trial, and conclude that the lower court committed no error in granting the relief prayed for.

OWEN, C. J., and McNEILL, HIGGINS, and BAILEY, JJ., concur.