## JACOBSON v. KNEE.

No. 14814—Opinion Filed Oct. 14, 1924.

### 1. Appeal and Error—Sufficiency of Evidence—Conclusiveness of Verdict.

In a civil action triable to the jury. where there is competent evidence reasonably tending to support the verdict of the jury and no prejudicial errors of law are shown in the instructions of the court or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

### 2. Landlord and Tenant—Tenant at Will by Holding Over—Liability for Rent.

When premises are let for one or more years, and the tenant, with the assent of the landlord, continues to occupy the premises after the expiration of the term. such tenant shall be deemed to be a tenant at will. and he would be liable to the landlord the sum per month as provided in the rental contract for the period of time he remained in the occupancy of the premises after the expiration of the written lease.

### 3. Same—Tenant Holding Over Without Landlord's Consent.

When premises are let for one or more years, and the tenant. without the assent of the landlord, continues to occupy the premises after the expiration of the term, such tenant would be liable to the landlord such a sum per month for the time he occupied the premises after the expiration of the lease as would be a fair and reasonable rental value of the premises for such time.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by Joe Jacobson against L. C. Knee. From judgment in favor of the defendant, plaintiff brings error. Affirmed.

Parmenter & Parmenter, for plaintiff in error.

J. A. Diffendaffer, for defendant in error.

Opinion by PINKHAM, C. The plaintiff

in error, as plaintiff instituted this action in the district court of Comanche county against the defendant in error, as defendant, to recover the sum of $1,435.35, on two separate causes of action, the first being for the sum of $500 for rent of certain premises at the rate of $100 per month for the months of December, 1919, January, February, March, and April, 1920, under written lease alleged to be for a period of two years from May 1, 1918, to May 1, 1920; the second cause of action being for the sum of $1,200 alleged to be due for rent for the same premises for one year beginning May 1, 1920, and ending May 1, 1921, less certain credits amounting to $246.65, for rents collected from other tenants during a portion of said time.

Defendant's answer consisted of a general denial, and a specific denial that he held over after the expiration of the written lease with the consent of the plaintiff, and that when he did vacate the premises it was by mutual consent.

Defendant further set out in his answer that plaintiff was indebted to him for medical services far in excess of the amount claimed for the rent for the five months included in the written lease, but it appears that this claim was withdrawn by defendant at the trial, and no evidence offered thereon.

Defendant further, by way of cross-petition, asks for damages against plaintiff for the breach of the terms of the lease by failure to keep in repair the roof of the building during the months of December, 1919, January, February, March, April, and May, 1920, so that by reason of the roof leaking his property kept therein was damaged to the extent of $1,500, and asks for judgment against plaintiff therefor.

Plaintiff by reply denied the allegations of defendant's answer, and further pleaded former adjudication of the matters pleaded in defendant's answer and cross-petition in a former suit between the same parties involving the same subject-matter.

Upon the issues thus joined the cause was tried to a jury, and resulted in a verdict in favor of the defendant in the sum of $100. Plaintiff's motion for a new trial was overruled, and the cause comes regularly on appeal by the plaintiff to this court.

For reversal of the judgment plaintiff in his petition in error and in his brief assigns numerous errors, all of which are directed mainly to the rulings of the court in the admission of certain evidence, and to the giving of certain instructions, and refusing to give instructions offered by the plaintiff.

From the evidence it appears that the defendant took possession of the leased premises on the 22nd day of April, 1918, and at that time paid the plaintiff $30, which paid the rent thereon up to May 1, 1918. It is admitted as we understand it that the defendant's term under the lease ended on the 22nd day of April, 1920. He continued, however, to occupy the premises until June 30, 1920, at which time he vacated the same, and the plaintiff shortly after rented the premises to several different persons who occupied the building a number of months, paying the plaintiff the rent therefor.

It appears that in December, 1919, the plaintiff brought an action against the defendant for rent in the sum of $600. The defendant in that action claimed that the roof of the building in question was in such a condition that when it rained his property was damaged to an extent more than equal to the rent sued for, and that the plaintiff, after notice and knowledge of its condition, neglected to repair the same. In that case a judgment was rendered against the defendant in the sum of $350, which paid the rent up to December 1, 1919. Upon the trial of the instant case the court permitted the notice given by the defendant to the plaintiff with reference to the condition of the roof prior to the institution of the former case to be introduced in evidence.

The plaintiff objected to the introduction of this notice, and contends that the action of the court in permitting the notice to be introduced in evidence constituted reversible error. The objection was that the notice was served upon the plaintiff when the former suit was pending.

This contention, we think, is without merit. The purpose for which the notice was introduced in evidence was simply to show that the plaintiff had knowledge of the condition of the roof which the evidence tended to show was in a bad condition subsequent to the time of the trial of the first case.

It is further contended that the court erred in permitting the defendant to introduce a check dated December 15, 1919, for the purpose of showing the cost to the defendant of property placed by him in the building in question.

It appears that the business of defendant carried on in the building in question was that of a bowling alley. The cost of the bowling alleys to the defendant was $850, as shown by the check introduced. The evidence on the part of defendant shows that on account of the condition of the roof of the building, the bowling alleys had become

almost worthless by reason of the water coming through the roof onto the said alleys. For the purpose for which the check was introduced, we think the same was competent

It is further contended that the court erred in refusing instruction No. 5, offered by the plaintiff.

This instruction told the jury, in effect, that defendant could not recover on his cross-petition as the matters set up therein were or could have been presented, litigated, or determined in another suit. This instruction was intended to be and was particularly directed at defendant's claim for medical services. This instruction, we think, was properly refused for the reason that the claim of defendant for medical services was withdrawn at the trial, and no evidence was offered by defendant in support thereof.

It is further contended that instruction No. 6, given by the court, was erroneous. This instruction is to the effect that if the jury found from the evidence that the plaintiff agreed to keep the premises in repair and that he failed to do so and allowed the roof to be in a leaky condition, and that because of the leaky condition of the roof the property of the defendant was damaged, and that the defendant had repeatedly requested the plaintiff to repair the said building and that plaintiff refused to do so, that in that event their verdict should be for the defendant in such a sum as in their judgment would compensate him for the damages sustained because of the neglect of plaintiff.

We think this instruction was proper when taken in connection with instruction No. 1, which explicitly told the jury that defendant was claiming damages to his property on account of the leaky condition of the roof during the months of December, 1919, January, February, March, April, and May, 1920, and for no other time.

Plaintiff quotes in his brief certain evidence given by plaintiff on his direct examination to the effect that he had repaired the roof three times, the last time being about October, 1919. This testimony is referred to by the plaintiff to show that defendant was seeking damages resulting from the leaking roof prior to October, 1919, inasmuch as the plaintiff testified that the last time he fixed the roof that it did not leak any thereafter. The question, however, as to when the roof was repaired, was a disputed question of fact. The evidence was conflicting upon that point. The witness, McCalmant, who finally repaired the roof, testified that he did not repair the same until after the defendant had moved out, which was June 30, 1920.

It appears to have been the theory of both plaintiff and defendant that the defendant could only claim for damages sustained during the five months for which plaintiff was suing for rent under the written lease.

In the instant case the only time for which defendant claims damages is for the time plaintiff claims rent in this suit under his written contract.

We think that the two suits did not embrace the same subject-matter; that they were for separate periods of rent; and damages claimed by defendant were damages sustained during those two separate periods, and that the only mention of the things occurring during the time covered by the first suit was as to notice of the condition of the roof, showing that the plaintiff had notice thereof, and by letters written by him admitting it to be his duty under the terms of the lease to keep the roof in repair.

It is further contended that the court erred in refusing instruction No. 4, offered by the plaintiff, and that the court erred in giving instructions 4, 6, and 7. The contention is that it was the duty of defendant to repair the roof himself if he could have done so at reasonable expense.

We think the instruction in question offered by plaintiff was properly refused, inasmuch as the evidence shows that defendant used reasonable diligence in trying to prevent the damage and make the loss as small as he could.

We think the instructions given by the court clearly stated the law applicable to the facts as they appear in the record before us.

It is finally contended that the court erred in refusing to instruct the jury to the effect that if the defendant held possession of the leased premises after the expiration of the written lease he would be liable for another full year, regardless of the time the defendant occupied the premises after the expiration of the lease.

The requested instruction was clearly erroneous, and its refusal was proper under the provisions of section 7342, Comp. Stat. 1921, which provides in part:

"When premises are let for one or more years, and the tenant, with the assent of the landlord, continues to occupy the premises after the expiration of the term, such tenant shall be deemed to be a tenant at will."

The plaintiff, in his amended petition, alleged that the defendant continued to occupy and hold the premises with the consent of the plaintiff on the same terms as expressed

in the lease, after the expiration thereof. In his testimony, however, the plaintiff stated that he did not consent for the defendant to remain in the building in question after the expiration of his term, but that he did not object. This testimony of the plaintiff, considered in connection with the admitted fact that at, or shortly after, the time the defendant vacated the premises the plaintiff rented the same to other parties who took possession of the building, paying the rent to the plaintiff, is a strong circumstance to show that the building was vacated by mutual consent of the parties.

The question of fact as to whether the defendant occupied the premises after the expiration of the term with the consent of the plaintiff or without his consent was submitted to the jury, together with other instructions on the question of whether the defendant had been damaged by the negligence of plaintiff in failing to keep the roof of the building in proper condition so as to prevent injury to the defendant's property.

The court made the qualifications in the further instruction that if the jury should find that the defendant is entitled to recover from the plaintiff for damages sustained to his property, he would be entitled to recover such amount as would be due him after any rentals he might be due the plaintiff shall have been deducted, and that if the jury should find the plaintiff entitled to rentals in a greater sum than they should find the defendant's property to be damaged, that in such event the verdict should be for the plaintiff in such sum as they found the difference to be.

The verdict of the jury involved a finding that the defendant had been damaged by reason of the leaky condition of the roof and that the defendant was entitled to recover from the plaintiff the sum of $100, after taking into consideration the period of time the premises were occupied by the defendant after the expiration of his lease.

In a civil action triable to the jury where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

We think from a careful examination of the evidence contained in the record before us that there was ample evidence to support the verdict and judgment of the trial court and that the same should be affirmed.

By the Court: It is so ordered.