Note.—See under (1) Workmen's Compensation Acts, C. J. p. 79; anno. L. R. A. 1916A, 240; L. R. A. 1918E, 504; 13 A. L. R. 540, 20 A. L. R. 882, 28 R. C. L. p. 811; 4 R. C. L. Supp. p. 1862, et seq. (2) Workmen's Compensation Acts, C. J. p. 98 (1926 Anno); anno, L. R. A. 1916A. 137; 8 A. L. R. 1324; 24 A. L. R. 1466. 28 R. C. L.

p. 819; 3. R. C. L. Supp. p. 1598, 5 R. C. L. Supp. 1577. (3) Workmen's Compensation Acts, C. J. p. 115.

---

## FRANKLIN v. SHURE et al.

No. 15379—Opinion Filed June 16. 1925.

### Damages—Nominal Damages for Breach of Contract.

In an action for breach of contract, when the breach is admitted or proven, but there is no sufficient proof to establish actual damages, or where the proof is insufficient to enable the court or jury to ascertain with a reasonable degree of certainty the damages sustained, plaintiff is entitled to judgment only for nominal damages.

(Syllabus by Jones, C.)

Commissioners' Opinion. Division No. 3.

Error from District Court, Oklahoma County; William H. Zwick, Judge.

Action by C. B. Franklin against J. Shure and others. From judgment for nominal damages, plaintiff brings error. Affirmed.

H. T. Deupree and Porter H. Morgan, for plaintiff in error.

George Trice and D. N. Davison, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Oklahoma county by plaintiff in error, as plaintiff, against the defendants in error, as defendants, to recover damages for the alleged breach of a certain contract. The record discloses that the plaintiff. Franklin, as the representative and manager of the Cadmean Chautauqua, entered into a contract with the defendants, citizens of Lehigh, Okla., whereby the said Franklin agreed to conduct a Chautauqua at Lehigh, and, among other conditions and as a part consideration to induce said Franklin to conduct said Chautauqua, the defendants, about 40 in number, guaranteed to sell $500 worth of tickets. The greater number of the defendants failed. neglected, and refused to carry out their part of the agreement, and the Chautauqua Company conducted the Chautauqua substantially as agreed upon, and brings this suit to recover alleged damages. The contract contained the following provision:

"Each person signing this contract is responsible for only $12.50."

The plaintiff prayed for judgment against said defendants and each of them for the

sum of $658.87. The defendants in their answer admit the execution of the contract and their failure to comply with the same, but deny that the plaintiff was damaged thereby, and deny that the contract was a joint and several contract. Six of the defendants paid their quota under the terms of the contract of $12.50 each and rendered such assistance as they could as individuals in conducting the Chautauqua. Upon the trial of the case before the court, judgment was rendered for the plaintiff in the sum of one dollar as nominal damages, and for cost, from which judgment plaintiff prosecutes this appeal, and sets forth several specifications of error, but bases his right to a reversal of the judgment in controversy upon one ground, that of the error of the the court in rendering judgment for nominal damages only, and in not rendering judgment for the plaintiff for substantial damages according to the terms of the contract, and contends that under the proof substantial damages were shown. With this contention we do not concur.

The only evidence offered was the deposition of the plaintiff, and one other witness in behalf of the plaintiff; the defendants offered no evidence, and from an examination of the record 'we do not find any evidence which would have justified a judgment for substantial damages. The evidence shows that the Chautauqua was given in the school auditorium, in Lehigh, and we infer from the evidence was furnished by some of the parties to the contract, and all of the ten performances given, except the first two. The only items of damages testified to were $1.75 for transfer of baggage, $5 for electric lights, and $170 for auto hire for talent (players or performers) from Lehigh to Antlers. Under the terms of the contract the defendants were to furnish electric lights and transportation for baggage, but the contract contains no provisions requiring defendants to pay for transportation by auto of the party from Lehigh to Antlers. One of the witnesses testified to payment of $62.50 by five of the signers to the contract, defendants, and there is no evidence showing the receipts received by the plaintiff for the performances given. There is no sufficient proof upon which a judgment for actual damages could be based. We are therefore inclined to the opinion that the judgment for nominal damages is correct.

The rule is correctly stated in 17 C. J. p. 725, sec. 61:

"Actual Damage Uncertain or Unascertainable. Where plaintiff establishes a wrong and actual loss therefrom, he is entitled to nominal damages at least, although the actual damages are not susceptible of being exactly ascertained, or are so small that they cannot readily be estimated. In such cases if plaintiff evidently has sustained some damage and the jury being unable to ascertain the amount finds a verdict for defendant, the court will permit plaintiff to enter a verdict for nominal damages. As a corollary to this rule, where it is shown that plaintiff has suffered damages, but from the nature of the case they cannot be shown with reasonable certainty, only nominal damages are recoverable."

And in the case of Gourley v. Lookabaugh, 48 Okla. 65, 149 Pac. 1169, this court announced the following rule:

"In an action for breach of contract, if proven, the plaintiff may recover nominal damages, even though no appreciable injury has been shown."

No cross-appeal was taken, hence the question of whether the contract was joint and several, or several only, is not before us. Defendants having admitted the execution and breach of the contract, plaintiff was entitled to nominal damages, but, as we view it, the evidence wholly fails to establish any substantial actual damages, and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 17 C. J. p. 725.