No. 30,503.

Ira McGuire, *Appellant,* v. R. H. White, *Appellee.*

(11 P. 2d 698.)

Opinion filed June 4, 1932.

*W. L. Sayers,* of Hill City, for the appellant.

*W. H. Clark,* of Hoxie, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a landlord against a tenant, whose term had expired, to recover numerous items of debt and damages. Plaintiff was defeated, and appeals.

There were two leases. The first contained a provision relating to number of head of stock per acre which might be put in the pasture. Plaintiff asserted defendant put in more stock than the lease permitted. There was evidence of a conversation between the parties at the time the lease was signed relating to scratching out the provision limiting number of head of stock. The evidence was not objected to. It did not show that plaintiff said the provision would be eliminated or disregarded, and the court instructed the jury according to the provision in the lease. Defendant testified that at no time did he have more stock in the pasture than the lease permitted, and the jury believed defendant. The instruction referred to is criticized, but the issue was so simple the jury could not have been misled.

The second lease provided that stock should be removed from the pasture by October 1. Defendant did not take his stock out until October 11, and plaintiff sued for $10 for that. Plaintiff said it was worth $10. Why it was worth $10 he did not disclose. There was no proof of facts showing plaintiff was injured by the ten days' delay, and evidently the jury did not believe plaintiff suffered any real damage.

Plaintiff testified defendant owed for ten bushels of rent wheat for 1929. Defendant testified to the contrary, and the jury believed him. An item of $13.20 which defendant admitted he owed for barley was taken care of by the judgment. There was a claim of $200 on account of some horses. Plaintiff did not recover. No error is predicated on the proceedings in relation to that cause of action. Plaintiff sued for $2 for labor he had performed in shocking wheat. Defendant's testimony was that the service was trivial. Plaintiff sued for $40 for labor performed in scooping wheat. He did scoop some wheat when he was there, but the evidence did not disclose any clear liability on the part of defendant for it.

Plaintiff says the court gave no instruction with respect to several of the foregoing items of damages. The court told the jury it was necessary for plaintiff to prove the items of his claim for amounts due him by a preponderance of the evidence. So far as appears, that

was all the court needed to say, and plaintiff did not make any request for further instructions.

Plaintiff had a little sand pit on his farm. Defendant was erecting some buildings on his own farm, and took some sand. Plaintiff said defendant took fifty loads of sand. Defendant was asked this question:

"Q. State whether or not they had a custom down in your country that has existed for a great many years, with reference to sand that the neighbors get, as to whether or not there is a charge made for it."

Over objection, defendant answered as follows:

"There has never been any charge that I ever heard of, and I have lived there twenty-eight years."

Of course, there is no right of common in this state—an incorporeal hereditament, consisting in the profit one has in land of another. Likewise, there can be no valid custom of *profit a prendre*, and defendant was not authorized to take and carry away for his own use part of the soil or mineral of plaintiff's land. Besides that, the question and answer "showed up" plaintiff as a neighbor, to the jury. Error, however, is not enough to work a reversal. It must appear the error affected the verdict.

Plaintiff said his sand was worth ten cents a load. Why it was worth that was not disclosed. There were two ways in which plaintiff might prove his damages. First, he could prove the value of his land before the sand was abstracted, and the value of his land after the sand was taken. The difference would be his damages. Second, he could prove the market value of his quality of sand per some kind of standard measure. He did neither, and all he was entitled to was nominal damages. Plaintiff complains of the instruction the court gave with respect to the sand. The court gave what had features of the market-value rule, but there was no testimony to sustain a verdict for substantial damages under any rule.

Defendant did not remove his straw when the lease expired, and one paragraph of the petition was the following:

"That defendant's right to occupy said leased land expired September 1, 1929, excepting as to the pasture land, and that as to the pasture land said right expired October 1, 1929. But that in violation of the terms of said contract of lease, defendant continued to hold and use said premises after the first day of September, 1929, and failed and refused to surrender full possession of the farm land until the first day of February, 1930, during which period defendant continued to drive through and upon said premises and leave the gates open, and to open and lay down the fences, as a result of which conduct

plaintiff was unable to make use of the volunteer wheat pasture on said land in the fall of 1929, to his damage in the sum of $500."

The court instructed the jury as follows:

"If the defendant held said premises beyond the term of his last lease, to the injury of plaintiff, refusing to permit him to go upon and occupy said premises, the defendant would be liable to plaintiff for such injury as plaintiff proves by the preponderance of the evidence that he sustained by reason of such withholding of the possession from him by the defendant."

This instruction was in accordance with the theory of the petition. Plaintiff did not testify he wanted to use the volunteer wheat for pasture. His testimony is abstracted as follows:

"He had a chance to rent his wheat land for pasture in the fall of 1929 to Will Moore, and that they went out and looked at the pasture, and that the wire was taken down and pulled back out of the way, and the fence was in such shape that Moore refused to rent the pasture."

When plaintiff was demanding that defendant settle up, he itemized his claim in a letter written to defendant. It contained no claim for damages for loss of opportunity to sell pasturage, and no claim for damages for withholding possession. The jury doubtless believed the claim was an afterthought, just another item trumped up by a man who wanted a big lawsuit. The court gave an instruction relating to damage to the land, which is criticized, but damage to the land is not involved, and the criticism need not be discussed.

This case has been treated at greater length than it deserves. The court and jury were satisfied defendant owed plaintiff nothing but the admitted item of $13.20 for barley. Defendant pleaded he had tendered payment of that sum to plaintiff, and the tender had been refused. While the trial proceedings were not such that they would serve as a model for study in the law schools, this court is satisfied plaintiff suffered no prejudice to his substantial rights.

The judgment of the district court is affirmed.