## LIVINGSTON v. INDIAN TERRITORY ILLUMINATING OIL CO.
### No. 1504.

Circuit Court of Appeals, Tenth Circuit.
July 29, 1937.
Rehearing Denied Oct. 8, 1937.

V. R. Biggers and W. W. Pryor, both of Wewoka, Okl., and Hugh M. Sandlin, of Holdenville, Okl., for appellant.

W. P. McGinnis, Fred M. Carter, and Donald Prentice, all of Bartlesville, Okl., and Samuel H. Riggs, of Tulsa, Okl., for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

BRATTON, Circuit Judge.

This is an action to recover $4,000 as rental for use of the surface of 120 acres of land situated in the Seminole oil field in Oklahoma for the years 1930 to 1933, inclusive. Reference will be made to the parties as they appeared in the court below.

Plaintiff executed and delivered to defendant two leases covering the land. The first was a mineral lease, dated December 26, 1923. It granted and demised the premises "for the sole and only purpose of mining and operating for oil and gas, and laying pipe lines, and building tanks, powers, stations and structures thereon to produce, save and take care of said products. * * *" It was for a term of five years from date and as long thereafter as oil or gas should be produced. The second was a surface lease, dated December 31, 1926. It was for a term of three years, recited a paid consideration of $2,500 and provided that the lessee should have the option and privilege to extend it for successive periods of one year each upon payment of an annual rental of $1,000 in advance. It authorized the lessee to "use said premises for any lawful purpose, and may construct, maintain and operate thereon all such tanks as lessee may desire for the purpose of storing oil, water and/or other substances, whether produced on said premises or on other lands, and whether belonging to lessee and/or others, as well as all such fire guards, buildings, pipe lines and other structures and/or fixtures as lessee may desire to construct in connection therewith. * * *"

Defendant drilled eleven producing wells on the premises. The first was completed in 1926, and from November of that year to

February, 1936, more than 5,500,000 barrels of oil were produced on the tract. In addition, casinghead gas was produced, but the exact amount is not disclosed. One 85,000-barrel and two 55,000-barrel storage tanks, a gas lift and gasoline plant, various roads including a gravel one, a power line, telephone line, and about a dozen residences were constructed on the premises. The gasoline plant was removed in 1930, but the concrete foundation covering about 10 acres remained. Beginning in the spring of 1927 and continuing until the fall of 1928, there was not sufficient market for the oil produced in the Seminole field and a great amount of such oil was stored. More than 1,300,000 barrels were stored from time to time in the three described tanks, but none has been stored in them since 1931. Eight or ten employees were required to operate the wells when they flowed; and it was the custom in that field for the number of employees necessary to operate the lease to reside on the leased premises, also to build roads and construct and maintain tanks on them. The residences on these premises were occupied during the years in question, but except as to one of them, it was not shown that such occupancy was with the express permission of defendant.

Defendant notified plaintiff in 1929 that it did not intend to exercise its option of extension of the surface lease; and it executed a written release of such lease which was dated December 30, 1929, and filed for record in Seminole county on March 18, 1930. Throughout the period in question, plaintiff did not demand possession of the surface, did not attempt to occupy it, was not refused the right of occupancy, and did not demand the rentals until November or December, 1933.

At the conclusion of the evidence, the court directed a verdict for plaintiff for $400, that sum being fixed as nominal damages, and entered judgment accordingly. Plaintiff appealed.

■ It is contended that the court erred in directing the verdict, because the continued use and occupancy of the surface after the expiration of the three-year period constituted a binding election to exercise the option to extend the lease dated December 31, 1926, at the fixed annual rental of $1,000 or at the same rate as that provided for the three-year period. Where a lease contains a provision authorizing extension at the option of the lessee, and does not require notice of election to extend, retention of possession creates a presumption that he has exercised the election and holds under the terms of the extension provision. Turner v. Wilcox, 32 Okl. 56, 121 P. 658, 40 L. R.A.(N.S.) 498; Leggett v. Louisiana Purchase Exposition Co., 157 Mo.App. 108, 137 S.W. 893; Karstedt v. Glick (Ind.App.) 172 N.E. 198. But, such possession is not conclusive as an election. It merely creates a rebuttal presumption which may be overcome as any other presumption involving a question of intention. Turner v. Wilcox, supra; Jacobson v. Knee, 103 Okl. 253, 229 P. 814; Toomey v. Casey, 72 Or. 290, 142 P. 621; Rourke v. Fraser, 43 R. I. 71, 110 A. 377; Campbell Paint & Varnish Co. v. Ladd Furniture & Carpet Co. (Tex.Civ.App.) 83 S.W.(2d) 1095; Colyear v. Tobriner (Cal.Sup.) 62 P.(2d) 741; Karstedt v. Glick, supra.

■ Here, defendant held a valid mineral lease on the land throughout the years in question. It vested in the lessee the right to possession of the premises to the extent reasonably necessary to develop and operate; and that right included the construction of storage tanks, pipe lines, roads, and residences for employees. Brennan v. Hunter, 68 Okl. 112, 172 P. 49; Rennie v. Red Star Oil Co., 78 Okl. 208, 190 P. 391; Sanders v. Davis, 79 Okl. 253, 192 P. 694; Le Croy v. Barney (C.C.A.) 12 F.(2d) 363; Cozart v. Crenshaw (Tex.Civ.App.) 299 S. W. 499; Coffindaffer v. Hope Natural Gas Co., 74 W.Va. 107, 81 S.E. 966, 52 L.R.A. (N.S.) 473.

■ Defendant expressly advised plaintiff in 1929 that it would not exercise the option of extension contained in the lease covering the surface, and in addition it executed and caused to be recorded a written release of its rights under such lease. Plaintiff did not make demand for the rental or otherwise indicate to defendant that he understood the option of extension had been exercised until some time in November or December, 1933. He then wrote a letter to defendant stating that he considered the lease extended and demanding rental for the four year period; but he offered no explanation at the trial for the long silence. These facts and circumstances considered together show beyond question that there was no intention to extend the lease covering the surface; that instead, the occupancy during the years in question was under the mineral lease. That is so clear that

reasonable minds could not disagree about it.

After the expiration of the surface lease, defendant was liable for the reasonable value of the use of all land used and occupied under the mineral lease in excess of that reasonably necessary for orderly and efficient operation; and there was evidence which may have tended to show that more land was used than was reasonably necessary for that purpose. But, no evidence was offered to establish the value of its use. In the absence of such evidence, only nominal recovery could be had. Compare, Franklin v. Shure, 110 Okl. 240, 237 P. 461; O. A. Olin Co. v. Lambach, 35 Idaho, 767, 209 P. 277, 44 A.L.R. 354; McGuire v. White, 135 Kan. 517, 11 P.(2d) 698; Bigler v. Fryer, 82 Utah, 380, 25 P.(2d) 598. Judgment having been awarded for that amount, the appeal brings no merit.

The judgment is affirmed.