John W. BENNER and Sadie
Benner, Plaintiffs,

v.

INTERSTATE DRESS CARRIERS,
Inc., Defendant.

Civ. A. No. 4976.

United States District Court,
M. D. Pennsylvania.

March 25, 1955.

Martin H. Philip, Palmerton, Pa., for plaintiffs.

Joseph P. Kane, of Nogi, O'Malley & Harris, Scranton, Pa., for defendant.

WATSON, Chief Judge.

This matter is before the Court upon motion of the defendant to dismiss the action.

The complaint alleges that during the early part of 1950, the defendant undertook the construction of a roadway, parking area, and retaining-wall and in so doing extended and laid out such roadway, parking area and retaining-wall over and upon the lands owned by plaintiffs. The plaintiffs further aver in their complaint that since the time of the aforementioned construction the defendant, without plaintiffs' license, consent or permission, has continuously and regularly used and occupied the area for the aforementioned purposes and that during the period commencing from the inception of the aforementioned construction, and continuing to the date upon which the complaint was filed, plaintiffs have notified defendant and requested and demanded from it that it cease and desist from using or occupying the plaintiffs' lands; but despite said notices and demands, defendant has persisted in committing the aforesaid acts of trespass upon plaintiffs' property.

The plaintiffs pray the Court, inter alia, to issue an injunction restraining and enjoining the defendants, their agents, servants and employees from entering upon the plaintiffs' land.

The first reason assigned by the defendant in support of its motion to dis-

miss is that the plaintiffs are not entitled to injunctive relief. The defendant contends that the plaintiffs seek ejectment of the defendant from the premises in question, that an adequate remedy by an action at law is available to them, and that, consequently, equity has no jurisdiction.

Defendant has overlooked the fact that this is not the case of an ordinary trespass. It is a case of an alleged continuing trespass. Defendant allegedly constructed a retaining-wall, roadway, and parking lot on the plaintiffs' premises, which defendant has used. If plaintiffs' allegations are true and the Court must accept such allegations well pleaded as true at this stage of the proceedings, this is a continuing wrong as long as the changes made by the defendant on the plaintiffs' property remain. Consequently, defendant is committing a continuing trespass for which equity can give relief. Greensboro Natural Gas Co. v. Fayette County Gas Co., 200 Pa. 388, 49 A. 768.

The next reason assigned by the defendant in support of its motion to dismiss is that this Court lacks jurisdiction. Plaintiffs ostensibly rely upon diversity of citizenship and the proper jurisdictional amount to establish jurisdiction. The established rule is that a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and if he does not do so, the court on having the defect called to its attention or on discovering the same, should dismiss the action unless the defect be rectified by amendment.

Section 1332(a) of Title 28 U.S.C.A. provides:

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and is between:

(1) Citizens of different states * * * "

However, plaintiffs allege that the amount involved, exclusive of interest and costs, is $3000. The plaintiffs fail to allege the amount involved is in excess of $3000.

Plaintiffs should be given an opportunity to file an amended complaint containing proper averments as to jurisdiction.

The remaining reasons assigned by defendant are without merit and require no discussion at this time.

Defendant's motion to dismiss will be denied and an appropriate order will be entered herewith.